## Boylan *v.* The Philadelphia and Reading Coal & Iron Co., Appellant.

*Workman's compensation law—Injury to eye—Failure to report within fourteen days—The effect of such failure—Right of compensation.*

The failure to report within fourteen days an injury which subsequently resulted in the loss of an eye, is not a bar to compensation under the Workmen's Compensation Act where there is no evidence that the employer was prejudiced by the delay.

Section 311 of the Workmen's Compensation Act requires the reporting of all injuries within fourteen days, and further provides that if the employee can show that his delay in giving notice was due to mistake or ignorance, compensation shall be allowed unless the employer can show that he did not know, and by reasonable diligence could not have learned, of the accident, and that he was prejudiced by the delay; in which case he shall be relieved to the extent of such prejudice.

Argued November 16, 1927. Appeal No. 161, October T., 1927, by defendant from judgment of C. P., Northumberland County, December T., 1925, No. 239, in the case of John Boylan v. The Philadelphia & Reading Coal and Iron Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Appeal from order of the Workmen's Compensation Board. Before LLOYD, J.

The facts are stated in the opinion of the Superior Court.

The court affirmed the award. Defendant appealed.

*Error assigned,* among others, was the decree of the court.

*John F. Whalen,* and with him *George Ellis,* for appellant.

*Roger J. Dever,* for appellee.

OPINION BY TREXLER, J.; March 2, 1928:

On or about September 11, 1924, the appellee, while in the course of his employment with the defendant company, was hit in the left eye with a piece of rock. The accident resulted in a corneal ulcer which subsequently destroyed the sight of the eye. The injured employee received no medical attention until October 17, 1924, and failed to report the accident within fourteen days, the period specified in the Workmen's Compensation Act. The Referee and Compensation Board and the lower court allowed compensation.

The claimant's right to compensation for the accident in question depends upon the interpretation of section 311, Workmen's Compensation Act which reads as follows: "Unless the employer shall have actual knowledge of the occurrence of the injury, or unless the employe or some one in his behalf, or some of the dependents or some one in their behalf, shall give notice thereof to the employer within fourteen days after the accident, no compensation shall be due until such notice be given or knowledge obtained; but if the employe or other beneficiary shall show that his delay in giving notice was due to his mistake or ignorance of fact or of law, or to his physical or mental inability, or to fraud, misrepresentation or deceit, or to any other reasonable cause or excuse, then compensation shall be allowed, unless the employer shall show that he did not know, and by reasonable diligence could not have learned, of the accident, and that he was prejudiced by the delay; in which case he shall be relieved to the extent of such prejudice."

It will be noticed that "no compensation shall be due until such notice be given or knowledge obtained." Second, that if the claimant shows that the "delay in giving the notice was due to his mistake or ignorance," then compensation shall be allowed. Third, if the employer proves that he was prejudiced by the delay, he

shall be relieved to the extent of such prejudice, if he did not know or could not by reasonable diligence learn of the accident.

The claimant testified that at the time of the injury, he thought it was trivial. We have several cases in which compensation agreements were terminated because both parties thought it to be trivial and subsequent elements showed it to be otherwise, where the courts allowed such agreements to be reopened and corrected. Miller v. Pittsburgh Coal Co., 77 Pa. Superior Ct. 51; Hughes v. American Int. Ship Bldg. Co., 270 Pa. 27.

The Referee found that the delay was due to a mistake of fact. This finding of the Referee disposes of the default of the employe in the giving of notice and in the language of the above section "then compensation shall be allowed" and the standing of the claimant is restored. It now becomes the duty of the employer to show "that he did not know, and by reasonable diligence could not have learned of the accident" and having shown this further to prove that he was prejudiced by the delay. In the case before us, the employer has failed to produce any testimony as to his inability by diligence to learn of the accident, his default in this respect would seem to be an end to his case. The compensation board did not, however, rest its allowance of the claim upon the defendant's failure in this regard and expressed no opinion upon this point. It limited itself to the single inquiry whether the defendant was prejudiced by the delay.

A doctor was called who testified that if the injured employe had received prompt treatment, he would have had better results and probably an industrial eye. If the treatment had been started earlier, he might have put off "the fatal end." That the eye could have been saved if given prompt treatment. His testimony evidently referred to immediate treatment at the time

of the injury.. In answer to the question, "Can you say positively now if he had the best treatment that his eye could have been saved?" Answer, "I believe that in the beginning."

We can hardly hold that where there is a trivial injury such as a slight scratch or burn or any abrasion of the skin that the failure to have immediate medical attendance, will defeat recovery if the injury afterwards develops into something serious.

The Board found that the record "as presented, does not support a conclusion that treatment at the end of the fourteen day period would have resulted in a material difference." It must be remembered that the injured employe or someone on his behalf has fourteen days in which to report the accident. There is no illegal delay until the expiration of the fourteen days and there is nothing in the act that deprives the employe of all compensation. It is only the "prejudice" to the employer which results by reason of the delay that is to be allowed as against the claim.

Under (e) of section 306, the employer has the right to engage proper medical attention for the injured employe, and the failure of notice for fourteen days may thus prejudice the employer. In the present case, the finding of fact from the testimony produced is against the position taken by the defendant company and the conclusion is that the defendant has not been prejudiced by plaintiff's delay.

The judgment is affirmed.