Driscoll *v.* McAlister Brothers, Inc., Appellant.

Argued September 26, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER, and SCHAFFER, JJ.

*D. H. McConnell,* for appellant.—In the refusal of the common pleas court to return the record from the board and to consider the exceptions originally filed in the light of the new record, the court committed error and deprived defendant of its rights under the law.

*Ralph F. Smith,* with him *Horace J. Miller,* for appellee, cited: Vorbnoff v. Machine Co., 286 Pa. 199; Anderson v. Baxter, 285 Pa. 443; Thomas v. Ins. Fund, 280 Pa. 331; McCauley v. Woolen Co., 261 Pa. 312; Miller v. Cockins, 231 Pa. 449.

Opinion by Mr. Chief Justice Moschzisker, November 26, 1928:

Plaintiff's husband died while in the employ of defendant corporation; she filed a petition for compensation, which was granted by the referee and approved by the workmen's compensation board. The award was appealed to the Court of Common Pleas of Allegheny County, which, on December 15, 1926, entered the following order: "The record......is hereby remitted to the......board for more specific findings of fact on the questions specified in the opinion accompanying this order." When the record was returned to the board, it appears to have gone back to the referee, who, after taking additional testimony, made specific findings on the facts designated in the opinion of the court of common pleas, and formally reëntered an award consistent with the one originally appealed from. This last mentioned award was filed in the court below, under the same term and number as the original award, after the time had elapsed in which a new appeal could be taken, and thus became a judgment. Defendant asked that the judgment be opened and that the board be directed to send up the record containing the new and more specific findings of fact, so that the court might determine the questions involved in the original appeal, the exceptions raising such questions never having been passed upon by that tribunal. The prayer of the petition was refused on the ground that defendant should have taken an appeal from the second award; and the case is now before us on an appeal from that order, defendant contending that the judgment should be opened so that the court below might either sustain or overrule the exceptions filed to the first award in plaintiff's favor.

The Workmen's Compensation Act of June 26, 1919, P. L. 642, 665, section 427, makes provision for the return of a record by the court of common pleas to the compensation board in two instances. It first states

that, "Any court before whom an appeal is pending from any action of the board may remit the record to the board for more specific findings of fact, if the findings of the board or referee are not, in its opinion, sufficient to enable it to decide the question of law raised by the appeal." This provision is not intended to cover instances where the common pleas reverses an award because the findings are not sustained by competent evidence; such cases fall within another provision of the act, which we shall discuss later.

The above quoted provision plainly contemplates cases like the present, where the findings are not sufficiently specific for a reviewing tribunal to act intelligently on the complaints before it, and where the court, without disturbing the award, returns the record to have this defect remedied. In such instances, even after the record is returned to the board, the appeal is still "pending" in the common pleas; and when the more specific findings are made by the compensation authorities (which should be done with expedition), the record must be sent back to that court.

The fact that the act provides no machinery for bringing the record back is a matter of no moment. Such omission can be supplied by the rules of the board, and, if that body has no rules governing the point, they should be adopted by it. In the absence of an appropriate rule, any party in interest can move the board to return the record to the court, or move the latter to send for it. Of course, the board should give an opportunity to all parties in interest to except to new and more specific findings of fact when made; this is so whether the board uses a referee for the purpose of stating the new findings or states them itself, and such exceptions must be disposed of by the board before sending the record back to the common pleas.

As stated, the provision for the return of a record to the board, for the purpose of obtaining more specific

findings of fact, contemplates that the appeal shall continue to pend in the court of common pleas while these findings are being made, for the provision in question particularly states that, "Any court before whom an appeal is pending......may remit the record"; and "pending" means "undecided, awaiting decision" (Century Dictionary), "to be in process of settlement or adjustment": Anderson's and Black's Law Dictionaries.

The second provision contained in the act for returning the record to the board comprehends instances where the court reaches a final decision on the record as first made by the compensation authorities; it provides that, "If the court of common pleas......sustain the appellant's exceptions to a finding or findings of fact and reverse the action of the board founded thereon, the court shall remit the record to the board for further hearing and determination." This is intended to cover cases where the court is convinced that the findings of fact are not sustained by legally competent evidence, and, therefore, such findings must fall as a matter of law; which, of course, requires a reversal of the award. The law, however, in such cases, affords a second opportunity for furnishing legally competent proofs. This was all carefully explained in Vorbnoff v. Mesta Machine Co., 286 Pa. 199, and need not be repeated here; but, we may add, that nothing in the present opinion is in any way inconsistent with the law as stated in the Vorbnoff Case.

The case at bar comes within the first of the above discussed provisions and not the second; the court below fell into error by confusing the two; the case was still pending before it on the original appeal, and defendant's petition to open the judgment entered on the second award of the referee should have been granted, with an order directing the compensation authorities to send up so much of the record as was not already in the common pleas, so that the questions raised, and those

which appellant might desire to raise, on the pending appeal from the original award, could be disposed of in the light of the new and more specific findings of fact.

The order appealed from is reversed, with direction that the court below proceed as indicated in this opinion.