Costello, Appellant, *v.* Schumacher.

Argued April 23, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*John F. Gloeckner,* and with him *John R. O'Keefe,* for appellant.

*L. Barton Ferguson,* for appellee.

OPINION BY CUNNINGHAM, J., July 13, 1934:

The questions involved upon this appeal by the claimant in a workmen's compensation case relate exclusively to matters of procedure; the merits of his claim have not yet been properly adjudicated.

We gather from the record the following history: On August 30, 1929, Martin Costello filed his claim petition for compensation from his employer, E. J. Schumacher, a plumbing contractor, alleging that in May, 1929, while opening a clogged sewer pipe, he suffered accidental injuries to his left hand and knee. The petition was referred to referee Snyder who conducted a hearing on December 6, 1929, and, after taking lay and medical testimony, entered an order of disallowance, affirmed by the board on February 19, 1930.

Upon Costello's appeal to the Court of Common Pleas of Allegheny County, GRAY, J., filed a memorandum opinion in which he stated that the questions which seemed to be involved were: (a) Whether the employer had actual knowledge of the occurrence of the injuries, or had been given notice thereof, within the contemplation of Section 311 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of April 13, 1927, P. L. 186; (b) Whether the alleged injuries were received in the course of claimant's employment and, if so, the extent thereof. He then pointed out that the findings of fact of the referee, which had been affirmed without amplification by the board, were "insufficient" to enable the court to decide the questions of law raised by the appeal. An order was accordingly made, under date

of April 30, 1931, in accordance with the provisions of Section 427 of the original act, supra, as amended by the Act of June 26, 1919, P. L. 642, remitting the record to the board for more specific findings of fact upon the above stated questions.

The status of the case, upon the making of this order, was set out at length by the Supreme Court in Driscoll v. McAlister Bros., Inc. 294 Pa. 169, 144 A. 89. It was there said that even after the record is returned to the board, the appeal is still "pending" in the common pleas, and when the more specific findings are made by the compensation authorities, which should be done with expedition, the record must be sent back to that court. It was added that the parties in interest should be afforded an opportunity by the board to except to the new and more specific findings, when made, whether the board uses a referee for the purpose of stating new findings or states them itself, and that such exceptions should be disposed of by the board before sending the record back to the common pleas.

By the time the record in the case at bar was returned to the board, the referee who disallowed the claim had died. The board, under date of August 6, 1931, ordered a rehearing (improperly called by it a hearing de novo) before referee Christley; but instead of directing merely that findings of fact be made on the questions submitted by the court, the order contemplated that referee Christley should also reach and state conclusions of law, disallowing the claim or making an award, whichever, in his opinion, the testimony justified. This language was used in the order: "Should the rehearing terminate in an award in claimant's behalf, this would no longer necessitate the above court [common pleas] in passing on claimant's exceptions, and we would not, of our own motion, order the record be returned, either to this board or the court

of common pleas, for the reason that the burden would then shift from the claimant to the defendant, saving of course the right of the defendant to appeal to the board as provided by law." The order concluded: "A hearing de novo is ordered before Referee L. E. Christley of the Eighth District, and we further order that he find the facts and the law and enter an award or disallowance as shall be warranted by the evidence with this proviso, that if the hearing be followed by a disallowance, the record be returned to this board and that counsel file exceptions within fifteen days."

The order to the referee to "find the facts and the law and enter an award or disallowance," is evidently based upon a plain misconstruction of the statute, as interpreted by our Supreme Court in the Driscoll case. The only thing the board was directed by the court to do, and the only thing it had any power to do, was to make specific findings of fact upon the questions submitted by the court and return those findings, with the record, to the court where the appeal was still pending. As the case then stood, it was the function of the court, and the court alone, to decide all questions of law raised by the appeal. The attempt of the board to go beyond the terms of the reference, and to exceed its functions under the statute, has thrown this simple compensation case into a maze of technicalities, obscured the issue between the parties and unduly delayed the final disposition of a claim presented nearly five years ago.

The subsequent involved history of this case is a glaring illustration of the confusion practically certain to follow such departures from the path outlined by the statute. Referee Christley made specific findings of fact to the effect that in the latter part of May, 1929, Costello suffered injuries, while in the course of his employment, from which infection resulted, totally disabling him up to and including October 25,

1929, and that he reported the occurrence of the injuries to his employer within ten days after the accident happened. Instead of stopping with these findings, the referee went on to state his conclusion of law that Costello was entitled to compensation under Section 306 (a) of the statute, as amended, and made a formal award of compensation, at the rate of $15 per week, from June 1, 1929, to October 25, 1929, a period of twenty-one weeks, or a total of $315, with interest, and also directed the employer to pay surgical and hospital expenses aggregating $196. This award was made under date of February 3, 1932. On February 18th, the employer attempted to appeal to the board from this award, but, in an opinion by Chairman Dale, his appeal was quashed because it had not been taken within the statutory period of ten days. The anomalous situation thus presented illustrates the kind of absurdities bound to arise when the board, instead of merely making specific findings of fact as directed by the court, undertakes to make awards or disallowances, thereby requiring the losing party to protect himself by some kind of an appeal although the original appeal is still pending in the common pleas. Obviously, the statute never contemplated such confused procedure.

The next erroneous action was an order by the board, dated September 9, 1932, vacating and setting aside its former order of August 6, 1931, granting a rehearing, and striking from the record all proceedings thereunder, including the award of compensation to claimant. At the same time the board entered a disallowance of compensation, based upon its finding, from the testimony at the original hearing before Referee Snyder, that the employer neither obtained knowledge of the injury, nor was notice thereof given him, within the statutory period of ninety days.

It is only fair to say that the error in vacating its

former order for a rehearing and striking all proceedings thereunder from the record is not chargeable to the board. In so doing it followed a misconstruction by the common pleas of Allegheny County, contained in an opinion dated July 17, 1932, in the case of Ellis v. Jones & Laughlin Steel Co. No. 312, July T., 1928. It was there erroneously held that under Section 426, added to the original statute by the Act of June 26, 1919, P. L. 642, 665, and amended by the Act of April 13, 1927, P. L. 186, the board, upon a record being remitted to it by the common pleas for more specific findings of fact, could not take additional evidence, make investigations, appoint impartial physicians, etc., if more than one year had elapsed from the date upon which the board had made the award or disallowance from which the appeal had been taken to the common pleas. Here the former board had affirmed the disallowance on February 19, 1930, and the record was not remitted to the present board until April 30, 1931.

The case of Ellis v. Jones & Laughlin Steel Co. was appealed to this court and argued September 27, 1933. On December 16th of that year we filed an opinion (111 Pa. Superior Ct. 252, 169 A. 263) in which, at pages 262-264, we overruled the construction placed upon Section 426 by the court below and held, for the reasons there stated at length, that the limitation of one year therein prescribed does not apply when a record has been remitted to the board by the common pleas for more specific findings of fact. An allocatur was refused by the Supreme Court.

But the board, in holding as a matter of law that the claim should be disallowed, repeated the mistake to which we have already referred. Under the reference, it had nothing to do with any question of law. It should have, by itself or through a referee, conducted such additional hearing, or hearings, as would enable

it to make specific findings of fact upon the questions designated in the reference. After disposing of any exceptions to these findings of fact, its sole duty and power was to return the record, with its findings, to the common pleas. Any and all questions of law arising under or out of the facts so found were for the consideration of the court in disposing of the appeal then pending before it.

On January 6, 1933, the record was returned to the court below. The matter then came on for argument before REID, ROWAND and SMITH, J. J., sitting in banc. In a majority opinion, dated June 1, 1933, Judges REID and ROWAND, after referring to the original appeal and reviewing the intervening proceedings, affirmed the action of the board in vacating its order of August 6, 1931, for a rehearing and dismissed the claimant's original appeal from the order of disallowance. In a dissenting opinion Judge SMITH held that the limitation of one year in Section 426 did not apply to the situation existing in this case when the record was remitted for more specific findings; that the board erred in vacating its order for a rehearing before Referee Christley; and that the award of compensation should be reinstated.

As already indicated, the opinion of this court in Ellis v. Jones & Laughlin Steel Co., supra, overrules the conclusions contained in the majority opinion, and it may be remarked in passing that Dolan v. Com. 106 Pa. Superior Ct. 74, 161 A. 763, referred to therein, was not a case in which the record had been remitted for findings.

As the procedure in this case went wrong with the order of the board on August 6, 1931, referring the case to Referee Christley, and has been wrong ever since, it will be necessary for us to return the record to the court below to the end that it may be remitted to the board with instructions to carry out the order

of Judge GRAY, of April 30, 1931, in the manner herein indicated.

The judgment entered by the court below on June 1, 1933, dismissing claimant's appeal, is reversed; the record is remitted for further proceedings not inconsistent with this opinion.