# Younch *v.* Pittsburgh Terminal Coal Corporation, Appellant.

Argued April 10, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Sidney J. Watts,* of *Baker & Watts,* with him *Malcolm Hay,* for appellant.

*Fred J. Jordan* and *Murray J. Jordan,* for appellee, were not heard.

PER CURIAM, July 18, 1935:

In support of its action in entering judgment upon an award of compensation to the claimant for total disability, the court below, by T. M. MARSHALL, J., filed the following opinion:

"The defendant has taken an appeal from the award made claimant by the referee and affirmed by the workmen's compensation board, and has raised the questions that the board erred in revising the referee's findings of fact; that the claimant failed to give notice of the injury and that the board erred in finding total disability. In reading the record closely, we believe that the contention of the defendant is not well-founded for the reason that the claimant has proved that while lifting a heavy iron rail [on February 9, 1932,] it slipped and knocked him down and injured his back and totally disabled him, notice of which injury was given to the defendant.

"The medical evidence shows that the claimant did not work any more after he was hurt on the date in question; that when he went home his back was examined and lumps were found thereon in the lumbar

region, and they were never there before this accident; that he had constant pain; that three or four days after this accident he saw Dr. Lake, who is an employee of the defendant, and he received treatment from Dr. Lake for the injury to his back, and Dr. Lake sent him to the St. Joseph's Hospital where he saw Dr. Kerr, who is also an employee of the defendant, and he received treatment from Dr. Kerr and also from Dr. Martin in this hospital. Dr. Kerr testified in behalf of the defendant and admitted that he saw the claimant on February 15, 1932, which would be only one week after the accident; that he got a history of the injury as related by the claimant and he found tumors on the back on the muscles of the spine, and he admitted that he treated the claimant with violet rays for about seven weeks. He testified that the lumps on the back could have been caused by the sudden jerk sustained in this accident when the muscles of the back were torn loose. Dr. Decker testified that he saw the claimant on September 9, 1932; that he got a history of the injury as related above; that he found pain in the back running up to the neck and tumors on the back in the lumbar region; that he found the spine only fifty per cent normal and it was rigid and tender; that there was a rupture of the lumbar muscles and evidence of osteoarthritis, all of which was confirmed by x-ray, and in the event that he did have a pre-existing condition, that condition was aggravated by this injury, and that the condition he found was the result of the injury alleged and that claimant was totally disabled. Dr. Kerr testified in behalf of the defendant and he found the muscles of the lumbar region much enlarged and nodals thereon.

"The referee found that the claimant sustained the injury as related and made an award in favor of claimant for total disability from February 16, 1932, to April 26, 1932. The claimant appealed from that award for the reason that it was inadequate and the

board partially affirmed what the referee found, and, in addition thereto, it amended and revised the findings of the referee to the extent that it found him totally disabled from February 16, 1932, up to the present time and made an award for compensation accordingly, and the compensation is to continue until the total disability ceases or otherwise changes in extent subject to the provisions of the Workmen's Compensation Act.

"The question raised by the defendant that the board erred in revising the referee's findings is without merit. The board may substitute its own findings for those of the referee and it is not bound by the findings of the referee. Section 423 of the Act of 1915, P. L. 736, as amended, [Act of June 26, 1919, P. L. 642, 664]. This was not true under the original act but the original act of 1915, supra, was so amended as to provide this power. Vorbnoff v. Mesta Machine Co. et al., 286 Pa. 199, 133 A. 256.

"The question raised by the defendant that the claimant failed to give notice of the injury to officials of the defendant company certainly cannot be sustained for the reason that the record shows that the claimant gave notice to Dr. Lake three or four days after the accident happened, and this is not denied, and Dr. Lake admits that he saw the claimant on February 15, 1932, which is only one week after the accident and treated him at that time. Under Section 311 of the Workmen's Compensation Act, an employee is required to give notice to the employer of an injury within fourteen days, and under certain conditions within ninety days after it happens. Even if notice is not given the employer of an accident within fourteen days after it happens it does not bar an award for compensation nor limit the compensation that may be paid in any way unless the record shows that there was evidence that the employer was prejudiced by delay: Boylan v. Phila. & Reading C. & I. Co., 92 Pa. Superior Ct. 562; where an employee

is injured he may bring himself within the scope of the exceptions as to when notice shall be given and if he gives notice to the doctor of the employer, this is notice to the employer. [Romesburg v. Gallatin Market et al., 114 Pa. Superior Ct. 388, 174 A. 805]. ......

"In answer to the defendant's other exceptions that the board erred in finding the claimant was totally disabled, we believe there is ample evidence in the record to show that the claimant is totally disabled as a result of the injury alleged. Dr. Decker testified that he is now totally disabled and he may remain in this condition for several years, and Dr. Lake testified that he found the lumps on the claimant's back and the muscles were torn loose and it could have been caused by this injury. Where a physician states that the condition he found was caused by the injury alleged, and gives reasons for it, this is sufficient, and we believe that Dr. Decker gave sufficient reasons in expressing his professional opinion as to the condition of the claimant. Balch v. Budd Mfg. Co., 277 Pa. 548, 122 A. 1.

"Where the evidence is sufficient to support the findings of fact of the referee and the board and the law is properly applied, the court has no reason to interfere: Kuca v. Lehigh Valley Coal Co., 268 Pa. 163, 110 A. 731.

"The exceptions and appeal of the defendant are dismissed and the findings of the board are affirmed."

The judgment is affirmed upon the opinion of the court below.