Flock *v.* Pittsburgh Terminal Coal Corporation, Appellant.

Argued April 15, 1940.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, Rhodes and Hirt, JJ.

*Sidney J. Watts,* for appellant.

*Sam R. Keller,* with him *Morse J. Keller,* for appellee.

OPINION BY KELLER, P. J., June 24, 1940:

The appellant coal company, in this workmen's compensation case, complains of an error of procedure. We may frankly admit that there was one, but as we are of opinion that no harm was done by it, we shall not reverse the judgment on that ground, there being competent evidence in the record to sustain the award and judgment.

Claimant was a coal loader employed by defendant. He had worked regularly at this employment for some months before September 30, 1936. On that day, about 2:30 o'clock P. M., while attempting to lift a large and heavy piece of slate by means of a crowbar placed under it, his foot slipped and he fell, striking the upper part of his abdomen against the slate or the crowbar, causing a sudden, sharp and severe pain in the abdominal wall just below the lower edge of the ribs, followed by a sensation of nausea. He quit work and was taken home and went to bed. He found a lump in his body, which turned out to be a small anterior abdominal hernia, of an unusual type, or in an unusual location. The next day (October 1) he went to see the coal company's doctor—Dr. McBurney—and showed him the hernia lump and told him of the accident the day before. He has been unable to work since and will not be able to work unless or until the hernia is reduced by an operation.

Two physicians testified on his behalf, both agreeing that he had a hernia, that in their opinion it was caused by his accident of September 30, and that until reduced by an operation he would be disabled from working.

Dr. McBurney, called by the defendant, testified that

claimant had a small hernia when examined by him on July 15, 1936, but admitted that it did not disable him from working; that when he examined claimant on October 1 he complained of an injury the day before and consequent soreness at the place of the hernia, and he advised him to stay at home until the soreness subsided; and he testified that it was not advisable for claimant to work, for any straining or heavy work might cause strangulation of the gut.

The referee found that the claimant had sustained an accident on September 30, 1936, and has been unable to work since that date, but that the accident did not produce the abdominal hernia and claimant's disability since September 30, 1936 was not produced by any aggravation of the abdominal hernia.

On appeal to the board, it modified the referee's seventh finding of fact so as to find that the accident of September 30, 1936 either caused the hernia which resulted in claimant's disability or aggravated a preexisting hernia which was the cause of said disability, and awarded compensation. It also found that Dr. McBurney's statement in his testimony, that the condition he found on October 1, 1936 was not an aggravation of the condition of July 15, 1936, was invalidated by his own testimony as to claimant's condition after July 15 and after September 30, respectively, and his inability to work after September 30, while he had been able to work after July 15. Dr. McBurney probably used the word "aggravated" in a different sense from the board and meant there had been no strangulation.

On appeal to the court of common pleas, President Judge BROWNSON ordered the case back to the board to make a fuller, more specific and explicit, more definite and unequivocal finding of the facts touching the cause of claimant's disability; pointing out that if the first alternative in the board's finding were adopted, to wit, that the accident had the effect of bringing the hernia into existence, then a condition precedent of the right

to recover would be the giving of notice within forty-eight hours; and the finding did not include the fact that such notice was given. It may be noted that if there had been a finding that such notice had been given —and notice to the company's physician is notice to it (*Klimovige v. Hazle Brook Coal Co.,* 111 Pa. Superior Ct. 399, 170 A. 357; *Younch v. Pittsburgh Term. Coal Co.,* 118 Pa. Superior Ct. 396, 180 A. 30)—the *alternative* finding of the causation of disability would have been enough; *Zionek v. Glen Alden Coal Co.,* 105 Pa. Superior Ct. 189, 193, 160 A. 154; for either or both would be due to the accident. Taking up the second alternative—the lower court said—the language used did not state clearly whether the finding that the accident of September 30 "aggravated a pre-existent hernia which was the cause of said disability" meant that the pre-existent hernia was the cause of the disability, or that the aggravation of it had caused the disability. If the *aggravation* of a pre-existing hernia caused the disability, notice of it within forty-eight hours was not necessary: *Tragle v. Hollis Chocolate Co.,* 111 Pa. Superior Ct. 98, 169 A. 472.

In these circumstances the correct procedure would have been for the board, itself, to make specific findings, or to send the case to a referee to do so, the findings when made, or approved, by the board to be returned to the court, which still retained the appeal for final disposition. See *Costello v. Schumacher,* 114 Pa. Superior Ct. 296, 173 A. 732; *Soroka v. Phila. & R. C. & I. Co.,* 138 Pa. Superior Ct. 296, 10 A. 2d 904.

Instead of doing so, the referee to whom the matter was referred, not only made complete findings of fact, including one that the accident of September 30 "aggravated a pre-existing hernia, and is the cause of the claimant's present total disability", and in his conclusions of law made it clear that the aggravation of the hernia was the cause of the present disability, but also made an award for total disability. The board,

on appeal, affirmed the referee. On second appeal to the court of common pleas, the defendant excepted to the action of the board (1) in dismissing its appeal from the referee and (2) in failing to sustain the errors assigned by defendant in said appeal; and it also excepted to the procedure of the referee and board in failing to comply with the directions of the court, and in making an award, instead of just returning its specific findings to the court, as directed in its order.

Strictly speaking the procedure should have been as we pointed out above, but in view of the fact that the findings made by the referee, and affirmed by the board, supported the *pending award* of compensation for total disability and were sustained by substantial, competent evidence, and are in accord with the action which would have been taken by the court below on the appeal, following the return of the more specific findings directed to be made, we see no reason why time, trouble and money should be unnecessarily wasted in requiring the parties to go through the exact form of procedure above outlined, following a reversal, ordered because of a mere procedural error, of the second and unnecessary award by the board, when the present judgment is in accord with the final results which would ensue on such reversal and the return of the more specific findings of the board. For it must be remembered that the pending appeal was from an *award* of compensation for total disability, not from a disallowance of compensation. Hence, if more specific findings of fact had been returned unaccompanied by an award, the court below on review of the appeal, could only have found, as it did in entering the present judgment, that the findings were supported by substantial competent evidence and that they justified the pending award of compensation for total disability from which the appeal had been taken.

We will not further delay this case because of a mere procedural error which harmed nobody.

Judgment affirmed.