Opinion by
 

 Stadteeld, J.,
 

 This is a workmen’s compensation case in which the insurance carrier appeals from the order of the Common Pleas Court of Allegheny County, affirming and entering judgment on. a compensation award. The award was made on a claim petition filed October 20, 1937, which alleged that claimant became totally disabled on October 13,1937, from an accident which occurred on March 30, 1937, in the course of employment with defendants. To this petition defendants filed an answer denying all of the allegations of the petition and averring that no
 
 *46
 
 tice of the alleged accident was not given within ninety days as required by the law then in force.
 

 On December 21, 1937, claimant filed an amended claim petition in which he alleged that he was injured on March 30, 1937 when a piece of slate fell on him, and on August 31, 1937, when he slipped and twisted and wrenched his back. An answer to this amended claim petition was filed by defendants denying all of the allegations of the petition and averring that claimant did not report the alleged accident until October 15, 1937.
 

 A hearing was held before Referee Jones on December 14, 1937, wherein it appeared from the testimony that claimant sustained an injury on March 30, 1937, as a result of which he lost a week or ten days and thereafter worked irregularly until August 31, 1937 when he sustained an injury when he slipped and twisted and wrenched his back, which caused him to quit work on October 13,1937.
 

 Thereafter on March 22, 1938, the case again came up for hearing at which time additional testimony was taken and the case closed. Under date of May 10, 1938, the referee dismissed the original claim stating that the adjudication was made under the amended claim petition. The referee thereupon handed down a decision on the amended claim petition, holding in effect that disability was caused by the accident of March 30,1937.
 

 The referee filed a report in which he made, inter alia, the following findings of fact: “On the above date, (March 30, 1937), while in the employ of the defendants, the ¡claimant, while helping to extricate his brother from a fall of slate from the mine roof, placed himself between a large piece of slate and the mine rib, in order to prevent the slate from crushing his brother. The claimant testified that while in this position he felt a twist in his back, and that immediately following same, he was unable to straighten up. As a result of said accident, the claimant remained off from work for a
 
 *47
 
 period of one week to ten days, during which time he received electrical treatments from Dr. Noah. The claimant returned to work and experienced some residual discomfort in his back, and when same continued to grow worse, consulted Dr. Forcey. Dr. Forcey, in turn, advised him that he needed attention, and further, that he should have an x-ray taken of his back. Claimant’s testimony further reveals that on August 31st his right foot slipped and he again twisted his back and fell to his knees. Following the second injury, of August 31st, claimant experienced severe pain in the lumbar region, radiating down his legs. We find as a fact that the claimant worked after March 30, 1937, with the exception of two weeks, every day that the mine worked during the .months from the time ,of his .injury to August .31, 1937, and . that he .worked during .the month of September, 1937; that, as a result of said injury, the claimant has been totally disabled .since October 13, 1937; that said disability still continues and is likely to continue for an indefinite period.”
 

 The referee made an award for total disability at the rate of $15 per week beginning from October 13, 1937.
 

 It further appears that the Eureka Casualty Company was the insurance carrier for the defendants on March 30,1937, but that on May 2, 1937, the contract of insurance was cancelled and that thereafter, including August 31, 1937, the State Workmen’s Insurance Fund was the insurance carrier for the defendants.
 

 From the award defendants appealed to the board averring that the referee did not make any finding or conclusion that notice of the alleged accident of March 30, 1937 was given to defendants as required by law, and that the findings of fact of the referee are contradictory in that in the third finding of fact the referee fixed the date of the accident which caused the injury as of August 31, 1937, but under the fourth finding of fact he stated that the claimant was totally disabled as a result of the injury of March .30,1937.
 

 
 *48
 
 The board on June 16,1939, affirmed the award of the referee and filed its opinion that the findings of fact as made by the referee are supported by the testimony and in particular, that the finding of fact that the claimant sustained a compensable accident on March 30, 1937, is a proper finding under the evidence. The board also found that claimant did report the accident to his employer, A. O. McCartney, one of ¡the defendants, on the same day on which the injury was sustained. We quote from the opinion of the board: “It is plain from a reading of the testimony that the claimant did sustain an injury to his back while assisting in removing a fall of slate from his brother, who was working in the defendant mine, on March 30, 1937. It is equally clear that while the claimant continued to work thereafter from time to time his work was performed under a severe handicap and that part of his work was done by fellow employees. Dr. Buka testified that in his opinion the twist and resulting injury which occurred on March 30, 1937 was the primary cause of all of the claimant’s subsequent difficulty. The effort to transfer the liability to pay compensation for clearly existing disability to the State Workmen’s Insurance Fund by asserting that a slip and fall, which occurred on August 31, 1937, caused the disability in question does not impress us favorably. The injury was such that all activity, including the work, which the claimant performed subsequent to March 30,1937 tended to aggravate the injury which he then sustained. The preponderance is in support of the finding that the liability for the claimant’s disability is traceable to the original accident of March 30, 1937.”
 

 From the award of the board an appeal was taken by the defendants to the court of common pleas under date of October 23, 1939; the court filed an opinion referring the case back to the board “with directions that a referee take the testimony of Dr. Noah of Imperial, Pennsylvania, for the purpose of determining the extent of the injuries to Joseph A. Hughes as of
 
 *49
 
 March 1937, and also to determine the exact place of the accident and the nature of jhe complaint.” Thereupon, under date of November 1, 1939, the board remanded the case to Referee Curtis for the purpose of taking the testimony of Dr. Noah in accordance with the order of the court of common pleas.
 

 Pursuant to the order of court, such hearing was held on December 15, 1939 and the testimony of Dr. Noah was taken. After the taking of such testimony the referee on July 31, 1940, made corrected findings of fact, conclusions of law and award of compensation, but substantially the same as the previous award. An appeal was taken by the defendant, Eureka Casualty Company, to the board on the alleged grounds, that the findings of fact and conclusions of law were not supported by the testimony and that the findings and conclusions did ,not conform to the precept of the court of common pleas.
 

 The board, on February 6, 1941, in addition to the facts as found by the referee, made the following additional finding of fact: “Sixth: That the accident sustained by the claimant on March 30, 1937, was totally disabling for a short period of time immediately thereafter during which time the defendants’ mines were closed. Further that the twist of the back which the claimant received on August 31, 1937, aggravated the original condition to such an extent as to render him totally disabled from the date of October 13, 1937.”
 

 The board vacated and set aside the first conclusion of law as stated, by the ¡referee, and. in lieu thereof substituted the following: “Conclusions of Law — First: Since the claimant received injuries due to an accidental injury on March 30, 1937, while in the course of his employment with the defendants, which totally disabled him for a short period of time, which injuries were later aggravated by a subsequent accident producing total disability from the date of October 13, 1937, he is entitled to recover compensation under the provi
 
 *50
 
 sions of Section 306 ,(a) of the Workmen’s Compensation Act of 1915, as reenacted and amended.”
 

 The hoard sustained the award made by the referee. On July 20, 1941, the Eureka Casualty Company appealed from the decision of the board to the court of common pleas.
 

 Under date of June 5, 1941, the court in an opinion by Ellenbogen, J., directed that the appeal at No. 2101, April Term, 1941, be consolidated with the appeal at No. 157, October Term, 1939, and that all further proceedings be at this number and term, and overruled the exceptions filed at No. 157, October Term, 1939, and after substituting its own conclusions of law for those of the board entered judgment on the award in favor of claimant. This appeal followed:
 

 Appellants have raised four questions: (a) Did the referee err, after the record was returned for the purpose of taking the testimony of Dr. Noah, in making new findings of fact, conclusions of law and an award instead of just returning specific findings on the testimony of Dr. Noah? We believe this question is fully ruled by
 
 Flock v. Pittsburgh Terminal Coal Corpora
 
 tion, 140 Pa. Superior Ct. 232, 13 A. 2d 881, wherein President Judge Keller reviewed a similar situation. It was there held that where it appeared that the findings made by the referee and affirmed by the board, supported the pending award for total disability and were sustained by substantial competent evidence, and were in accord with the action which would have been taken by the court below in the appeal, following the return of more specific findings directed to be made, it was held that the procedural error Was harmless and did not require reversal of the judgment sustaining the award.
 

 (b) Did the court below err in making its order of June 5, 1941, consolidating the two appeals? It will be remembered that there were two appeals pending in the same court, arising from the same cause of action.
 
 *51
 
 The two awards were identical and the second award was intended merely in substitution for the first. No purpose would be served by considering the appeals separately, except to delay the final disposition of the case. The case has been before two referees and twice before the board, and also twice before the court, and in every instance, except when referred back to the board, there has been an award in favor of claimant. The original injury was sustained in March, 1937. The language in the opinion of the court below is most apt. “If we remember that during all these years, claimant who is clearly entitled to compensation has not received one single compensation payment, it becomes clear to us that to send the case back to the board to compel technical compliance by the board with the previous order of this court would be travesty upon justice. ‘Justice delayed is often justice denied.’ ” The consideration of the two appeals in no manner prejudiced appellants.
 

 (c) Is there any legally competent evidence to sustain a causal connection between the accident of March 30, 1937 and the disability beginning on October 13, 1937? We have made a most critical examination of the testimony. Dr. A. J. Buka who examined the claimant first on October 13, 1937, and subsequently on October 18, 21, 22, 23, November 8, and November 12, and since then also examined the X-rays which had been taken, testified at length as to his diagnosis. He stated that claimant had suffered a permanent total disability, that he was permanently disqualified from ¡resumption of his previous occupation as a miner and that the injury of March 30, 1937 was the “primary onset of all of this m'an’s difficulty.” Dr. J. 0. Noah testified that his examination of claimant showed a condition that absolutely prevented him from working, and that the condition was certainly attributable to the accident of March 30, 1937. We believe that there is abundant legally competent testimony to sustain the causal connection
 
 *52
 
 between tbe accident of March 30, 1937 and the total disability beginning on October 13, 1937.
 

 (d) Is there any legally competent evidence to sustain the finding that notice of the alleged accident was given within ninety days as required by law?. On this question we quote from the testimony of claimant who, after describing the accident in which his brother was injured, testified as follows: “Q. Was either of the McCartney Brothers there at the time? A. They were. Q. Which one? A. A. O. — Alex. Q. A. O. McCartney, one of the defendants, was present at that time? A. He was. Q. Did you say anything to him? A. I asked him to take the stretcher, and he did. Q. Did you give him any reason why you asked him to take the stretcher? A. I told him that I .got hurt. Q. [Did you tell him how you got hurt? A. I told him from the twist.” From this testimony it is clear that A. O. McCartney, one of the defendants, had notice and knowledge of the accident at the time of its occurrence, as he took the place of claimant in carrying the stretcher on which his brother was being carried.
 

 After a most careful examination of the entire record, we see nothing which would warrant a reversal.
 

 The assignments of error are overruled and judgment is affirmed.