## Lettrich, Appellant, *v.* Allegheny Steel Company.

Argued April 24, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Clair D. Moss,* with him *C. R. Capone,* for appellant.

*Fred J. Jordan,* with him *Murray J. Jordan,* for appellee.

OPINION BY KENWORTHEY, J., July 23, 1942:

On February 27, 1934, claimant, while in the employ of defendant, suffered a stroke of apoplexy which paralyzed his entire left side and totally disabled him. At about the time he suffered the stroke—either immediately before or immediately after—he choked on a piece of apple which he was eating. There was conflicting evidence as to whether he fell and struck his head on a post or beam; he testified that he did; perhaps the weight of the evidence indicated he did not. For nearly eight and a half years the compensation authorities and the court below have toiled laboriously over three fundamental issues of fact:

I. Did claimant fall and strike his head on the post or beam?

II. If yes, to what extent, if any, did the blow on his head aggravate the disability from the stroke (the paralysis)?

III. Did the choking on the apple precipitate the stroke?

The case was first heard by Referee Roberts, who specifically found that claimant tripped, fell and struck his head on the post or beam. He ignored II (the question of aggravation) and III (the effect of the choking) and found that the accidental fall *caused* the hemorrhage which produced the paralysis and the disability. He accordingly made an award of compensation.

Obviously the award could not be sustained; there was absolutely no evidence the fall *caused* the hemorrhage. On appeal by defendant, the board remanded the case to the referee, with instructions to appoint and hear the testimony of an impartial expert on questions II and III; it, however, affirmed the finding that claimant fell and struck his head.

After hearing the evidence of the impartial expert, the referee made findings of fact almost identical with his original findings, again ignoring questions II and III.

On appeal, the board affirmed in a short opinion containing practically no discussion.

On appeal to the court below, that tribunal, in an opinion by Dithrich, J., concluded the referee had improperly interfered with the cross-examination of the impartial expert, that he abused his discretion in refusing defendant the opportunity to call an additional expert and "that there should be a definite finding of fact as to whether or not the choking on the apple precipitated the paralysis." (III). It remanded the record to the board "for the purpose of further proceedings not inconsistent with this opinion." This ruling was so clearly correct we do not consider it necessary to discuss it.

The case was referred to Referee Thornton. He reheard the testimony of the impartial expert and, in addition, the testimony of a medical expert called by defendant. He found: "Seventh: Your referee finds

as a fact that at no time was any trauma or laceration noticed on [claimant's] head, and your referee is of the opinion that the claimant did not sustain injury by accident during the course of his employment ......
EIGHTH: Your referee finds as a fact from the preponderance of medical testimony that the claimant's disability is in no manner caused, associated or was hastened in any way by an accident ...... but that his disability is due to natural causes." He disallowed compensation; on appeal, the board and the court of common pleas affirmed. Claimant appeals to this court.

After reading all the evidence, there is no doubt in our minds that Referee Thornton and the present compensation board have finally reached the right conclusion. All of claimant's fellow-employes who testified, one of whom was called by claimant, denied that he had fallen or struck his head; the nurse and physician who attended him at the hospital said there was no mark or indication of a blow on the head; and all the attending physicians (as well as several other experts) called by defendant testified that the case was a plain stroke of apoplexy. This was ample evidence to support the findings and conclusions.

The only real question is whether Referee Thornton's jurisdiction under the order of the common pleas court was limited to finding a specific answer to question III, whether he exceeded it when he attempted to reverse the former referee as to question I, and whether we are, therefore, bound to further prolong these proceedings by returning the record to him with directions to limit himself to a specific answer to question III.

In our opinion we are not so required.

In its original order the court did not merely remit the record for a more specific finding of fact because the findings were insufficient to enable it to decide a question of law raised by the appeal. See Act of June

2, 1915, P. L. 736, art. IV, sec. 427, as re-enacted, June 21, 1939, P. L. 520, sec. 1, 77 PS 877. The appeal was, in effect, from a finding of Referee Roberts, affirmed by the board, that the fall and the blow on the head had caused the hemorrhage and paralysis. There was no evidence to sustain it. And although the court indicated it felt the most important issue was question III, the opinion directing the taking of further evidence did not expressly limit the issue to that question. The whole case, therefore, went back to the board for further hearing and determination as though on an original petition. See Act of June 2, 1915, P. L. 736, art. IV, sec. 427, as amended, June 21, 1939, P. L. 520, sec. 1, 77 PS 879; *Weeks v. Lehigh Portland Cement Co. et al.,* 116 Pa. Superior Ct. 514, 517, 176 A. 850.

Moreover, the record will not support an award on any theory; if this had been an appeal by defendant from an award, we would be compelled to enter judgment in its favor. There was no evidence the choking had anything to do with the stroke. And the most favorable statement on aggravation was that of the impartial physician who said, "If there was a blow on the head ...... I think it would to some degree aggravate a hemorrhage on the brain." Although a fall caused by a stroke of apoplexy may be regarded as an accident (*Dunbeker v. Duquesne Brewing Co.,* 141 Pa. Superior Ct. 80, 14 A. (2d) 905), compensation may be awarded only for disability caused by the fall as distinguished from that caused by the stroke. See *McCarthy v. General Electric Co.,* 293 Pa. 448, 452, 143 A. 116; *Royko v. Logan Coal Co. et al.,* 146 Pa. Superior Ct. 449, 463, 22 A. (2d) 434. The burden was on claimant to prove that some *disability* resulted from the blow on the head which would not have resulted from the stroke alone. He utterly failed to meet the burden.

Judgment is affirmed.