Groner *v.* Board of Public Education of the
City of Pittsburgh, Appellant.

Argued April 15, 1943. Before KELLER, P. J., BALD-
RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and
RENO, JJ.

*N. R. Criss*, for appellant.

*Morse J. Keller*, with him *Sam R. Keller*, for appellee.

OPINION BY RHODES, J., July 16, 1943:

This is an appeal by defendant from the refusal of the court below to grant a rule to show cause why a judgment entered on an award for compensation should not be opened.

The determinative question is whether an appeal taken by defendant to the court of common pleas from an award by the Workmen's Compensation Board was still "pending" after that court returned the record to the board. If it was not, defendant has no standing as no appeal was taken after the record was remitted and the award then made by the referee affirmed by the board. See *Devlin v. Grabler Mfg. Corp. et al.*, 151 Pa. Superior Ct. 216, 220, 30 A. 2d 138.

When defendant appealed to the court of common pleas from the first award of compensation by the board, the court made the following order:

"And now, this 15th day of November, 1939, the record in this case is returned to the Workmen's Compensation Board for findings of fact on the disputed questions involved in the second hearing [1] and for a final adjudication in accordance with all findings in the case."

Pursuant to that order, the record was returned to the board and referred to a referee. The referee, after hearing, made new findings of fact and conclusions of

---

[1] Originally the referee awarded compensation; the board, on appeal by defendant, returned the case to the referee for a rehearing; the referee again made an award; defendant again appealed to the board, which sustained the award.

law and entered an award. Defendant appealed to the board which sustained the findings of fact, conclusions of law, and the award in favor of the estate of the deceased claimant who died on September 17, 1937, before final adjudication of her claim.[2] No appeal was taken from the second award.

Section 427 of the Act of June 2, 1915, P. L. 736, as reenacted and amended by the Act of June 21, 1939, P. L. 520, §1, 77 PS §§877, 879, provides in part:

"Any court before whom an appeal is pending from any action of the board may remit the record to the board for more specific findings of fact, if the findings of the board or referee are not, in its opinion, sufficient to enable it to decide the question of law raised by the appeal.

". . . . . . If such court shall sustain the appellant's exceptions to a finding or findings of fact and reverse the action of the board founded thereon, the court shall remit the record to the board for further hearing and determination, in which the procedure shall be the same as that hereinbefore provided in this article in the case of a petition presented to the board . . . . . ."

Under the first provision of section 427, supra, for return of the record to the board, the court still retains the appeal for final disposition; under the second provision, a new appeal from the action of the board is required within the prescribed statutory period. See *Driscoll v. McAlister Brothers, Inc.,* 294 Pa. 169, 144 A. 89; *Lettrich v. Allegheny Steel Co.,* 149 Pa. Superior Ct. 660, 664, 27 A. 2d 257; *Weeks v. Lehigh Portland Cement Co. et al.,* 116 Pa. Superior Ct. 514, 176 A. 850; *Costello v. Schumacher,* 114 Pa. Superior Ct. 296, 173 A. 732.

We think it is clear that by the order of the court of common pleas the entire case went back to the board

---

[2] See Act of June 2, 1915, P. L. 736, §410, as amended, 77 PS §751.

"for further hearing and determination" as though on an original petition, and not merely for amplification or more specific findings of fact upon questions submitted by the court. Defendant's exceptions were not sustained formally, but it is apparent that this was done inferentially when the court said that "in the interests of regularity and orderly legal procedure the defendant is entitled to an adjudication on the disputed facts in the second hearing"; and the order was none the less a reversal of the action of the board.

The order of the court below is affirmed.