## Capriotti v. Philadelphia Inquirer Co.

*Alexander Schamban*, for claimant.
*John Paul Erwin*, for defendant.

CRUMLISH, J., October 5, 1943.—This matter first came before us on an appeal from the board's dismissal of exceptions to the ruling granting defendant's petition to terminate the compensation as of April 22, 1939. After reviewing the record, we concluded that there was not sufficient legal evidence to support the

board's finding that disability "ceased on or before April 22, 1939". In this connection, we point out that the medical evidence relied upon to support this finding came from doctors who examined claimant after April 22, 1939. Accordingly, we directed that the record should be returned to the board to determine specifically the date when the disability ceased.

The matter is now before us on claimant's petition for a rule on the Workmen's Compensation Board to show cause why it should not return the record to this court. Claimant alleges in his petition that "the new and amended findings were contrary to the facts and law and were not in conformity with [our] order of April 16, 1942." No answer has been filed by the board, the defendant, or the insurance carrier. At the hearing, however, the defendant and insurance carrier contended that the order of this court referring the matter back to the board came within the second provision of section 427 of The Workmen's Compensation Act of June 2, 1915, P. L. 736, as reënacted and amended by The Pennsylvania Workmen's Compensation Act of June 21, 1939, P. L. 520, sec. 1, 77 PS §§ 877, 879; that, therefore, this court does not retain the original appeal for final disposition, but on the other hand the claimant should have appealed from the order of the board fixing the new termination date within the prescribed time limit.

In Driscoll v. McAlister Brothers, Inc., 294 Pa. 169, 172, 173 (1928), it was held:

". . . the provision for the return of a record to the board, *for the purpose of obtaining more specific findings of fact*, contemplates that the appeal shall continue to pend in the court of common pleas while these findings are being made, for the provision in question particularly states that, 'Any court before whom an appeal is pending . . . may remit the record'; and 'pending' means 'undecided, awaiting decision' (Century Dictionary), 'to be in process of settlement or ad-

justment': Anderson's and Black's Law Dictionaries.

*"The second provision* contained in the act for returning the record to the board *comprehends instances where the court reaches a final decision on the record as first made by the compensation authorities;* it provides that, 'If the court of common pleas . . . *sustain the appellant's exceptions to a finding or findings of fact and reverse the action of the board founded thereon,* the court shall remit the record to the board for further hearing and determination.' This is intended to cover cases where the court is convinced that the findings of fact are not sustained by legally competent evidence, and, therefore, such findings must fall as a matter of law; which, of course, requires a reversal of the award. The law, however, in such cases, affords a second opportunity for furnishing legally competent proofs. This was all carefully explained in Vorbnoff v. Mesta Machine Co., 286 Pa. 199, and need not be repeated here . . ." (Italics supplied.) See Costello v. Schumacher, 114 Pa. Superior Ct. 296, and Groner v. Board of Public Education of the City of Pittsburgh, 152 Pa. Superior Ct. 381 (1943).

The question before us calls for a review of our action returning the record to the board. As above stated, it was then pointed out that the evidence did not warrant the finding that the disability ceased as of the date fixed by the board. In our order, we stated that a further hearing should be held for the purpose of determining the correct date of the termination of disability. What the referee and the board did, according to the statement of counsel for claimant at the bar of the court, was to review the record without holding a hearing or the production of other evidence and fix the terminating date as of July 26, 1939. Counsel for claimant contends that such was a failure to conform to this court's order. Technically, this conclusion is correct. But the medical evidence appearing in the record, as we remember it, is quite complete and legally com-

petent to support the finding that the disability terminated on July 26, 1939. We do not know what could be added to the record at a further hearing, nor have we heard any complaint on the part of claimant that he did not have an opportunity to produce additional medical testimony at a further hearing. Consequently, the failure of the board to hold a further hearing is of no moment.

The real issue is whether or not the matter is still pending before this court. We think that it is. In our action returning the record to the board, we neither by inference or otherwise sustained nor dismissed exceptions to the findings or action of the board. All that we did was to remit the record for the purpose of having the date of disability specifically determined in accordance with the legally competent evidence adduced. The board complied with our instructions by reviewing the evidence and fixing a new termination date. When the record is forwarded to this court, we will pass upon the questions raised by claimant's exceptions.

Accordingly, the rule is made absolute.