Dissenting Opinion by
Hoffman, J.:
If a case is remanded to the Board under the second section of §427 ( 77 P.S. §879), there is no dispute that a new appeal from the Board’s action is required to authorize review. In such an instance, exceptions must be filed within 30 days after notice of the new appeal. Groner v. Board of Public Education of City of Pittsburgh, 152 Pa. Superior Ct. 381, 33 A. 2d 271 (1943). On the other hand, where a court remits a record to the Board for more specific findings of fact under the first section of §427 (77 P.S. §877), a new appeal is not required. Therefore, no new exceptions need be filed in order to perfect the appeal. Groner v. Board of Public Education of City of Pittsburgh, supra; Skinner, Workmen’s Compensation Law, 881.
The majority holds that the remand order in the instant case was under the second section of §427, and, therefore, quashes the appeal because exceptions were not filed within 30 days after notice of appeal was filed. I disagree.
*42 In the ease at bar, it is my opinion that the lower court remanded this case to the Board for an amplification of the record pursuant to the first section of §427. It carefully noted in a memorandum opinion and an opinion filed under Rule 46 of the Superior Court that further testimony and evidence was required before the court could properly consider the legal question of whether the claimant was on the “premises” of his employer at the time of his fall. See Giallonardo v. St. Joseph’s College, 177 Pa. Superior Ct. 87, 111 A. 2d 178 (1955). In its memorandum opinion of July 6, 1964, the lower court stated, “The record is bare of any showing whether Y.W.C.A. owned, leased or controlled that portion of the paved area abutting the Y.W.C.A. Building on which claimant fell.” In its opinion filed pursuant to Rule 46, the court stated that the remand to the Board was for “additional testimony” and “further evidence” which it deemed essential to the resolution of the legal question here involved. The court again stated that the record was bare of any showing of control of the strip where Robinson fell, and concluded: “We remanded for evidence to answer these questions [as to control] intelligently and competently.”
It is also important to note that the lower court did not reverse a decision by the Board, which is required for application of the second section of §427. The court specifically stated: “We did not affirm an award; we did not deny an award; we did not modify an award; we made no definitive order; we did not conclude the litigation.” [Emphasis added]
Another indication that the case was remanded for additional evidence only is that our Court quashed an appeal from the remand order of the lower court. A remission to the Board for further findings of fact prevents a judgment from being final and appealable. *43 Such au appeal is interlocutory. See Cohen v. Doubleday & Company, Inc., 191 Pa. Superior Ct. 106, 155 A. 2d 378 (1959). Since we quashed defendant’s appeal, the direct inference is that the lower court did not affirm or reverse the Board, but rather, sent the record back for further testimony.
The fact that the phrase “and conclusions of law” is found in the memorandum opinion of July 6, 1964, is of no consequence. The entire context of the two opinions filed by the lower court denotes that it remitted the record for specific findings of fact, which were clearly denominated in the opinion filed pursuant to Bule 46.[1] Thus, it is my view that the Board’s poAver was limited to finding those specific facts and to return the record to the lower court where the appeal was still pending, rather than re-determining the entire case.
In summary, only where the court reverses a finding of the Board and remands “for the purpose of further proceedings not inconsistent with this opinion” does the second section of §427 become operative. Skinner, Workmen’s Compensation Law, p. 884. In such cases, the further hearing is not limited to one question and is treated as though on an original petition. Lettrich v. Allegheny Steel Co., 149 Pa. Superior Ct. 660, 27 A. 2d 257 (1942). Here, however, the record was remanded for a determination of a single issue which Avas necessary in order to permit the lower court *44 to adequately review the record and determine the legal issue involved. It was error, in my opinion, for the Board and the majority to construe these instructions otherwise. Accord, Flock v. Pittsburgh Terminal Coal Corp., 140 Pa. Superior Ct. 232, 13 A. 2d 881 (1940).
Consequently, I would affirm the lower court’s order denying defendant’s motion to quash this appeal.[2]
*45 Spaulding, J., joins in this dissent.

 “This sidewalk where Robinson fell — is it completely public? Is it part of the premises of YWCA? Is it under the control of YWCA? We made note of photographs in the Board’s record showing enclosed pleasanee-approaches of the adjoining houses. Could YWCA make the same enclosure? We have no ready knowledge of the primary matter in this case from the present record: The Board’s record is bare of any showing of control or lack of control, ownership or non-ownership of the strip of land where Robinson fell.”

 I wish to further note that the present case should not have been before us because the Buies of Civil Procedure of Philadelphia County were not properly followed. Buie *26(c) states: “(c) Whenever an appeal is taken from a decision of the Workmen’s Compensation Board to the Court of Common Pleas and the record is returned by the court to the board for further proceedings, and an appeal from the board is again taken in the same case, the court to which the first appeal was assigned, and the term and number thereof, shall be set forth in the notice of such subsequent appeal filed with the prothonotary, and the prothonotary shall assign it to the court to which the first appeal was assigned.” The Bule has been amended since the appeal in this case was taken to provide that the Administrative Judge, rather than the prothonotary, make the assignment to the Judge originally assigned the case.
Attorney for claimant file,d an appeal on July 1, 1966, but did not note that it was a re-appeal of the same case. Thus, the prothonotary of the Court of Common Pleas gave the case a new court term and number when the second appeal was filed, and assigned the case to Judge Beed, rather than to Judge Sloane, who had originally remitted the record for further proceedings. Consequently, the Buie quoted above was not followed.
It is evident that a major purpose of the Buie is to permit the remitting judge to determine whether the Board acted in accordance with his order. This is true because the remitting judge is already acquainted with the nuances of the issues involved. Accordingly, it is my opinion, that it was in error for the second trial judge to hear the case.
Since this case was given a new term and number and assigned to a new judge, attorney for claimant apparently filed the belated exceptions in the belief that this constituted a de novo appeal. It is important to note that identical exceptions were filed in both appeals, which suggests that counsel did so perfunctorily only be *45 cause a new judge and term number became involved. Moreover, that a new court term and number were assigned constituted merely an administrative lapse and is neither controlling nor persuasive in determining the character of the second proceeding in the Court of Common Pleas.
The parties here have had the opportunity to argue this case fully before Judge Reed, and it would be unwise and unfair to remit this case for yet another hearing to Judge Sloane. Nonetheless, counsel and court should, in the future, carefully consider the local procedural rules to avoid any such further confusions.