### Kattera v. Burrell Construction & Supply Company et al., Appellants.

Argued April 21, 1943.   Before KELLER, P. J., BALD-
RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and
RENO, JJ.

*Harold A. Stewart,* with him *William H. Dreher,* for
appellants.

*Murrary J. Jordan,* with him *Fred J. Jordan,* for ap-
pellee.

OPINION BY BALDRIGE, J., July 16, 1943:

The question before us in this workmen's compen-
sation case is whether claimant's accidental injury
occurred "in the course of his employment" within the
meaning of Section 301 of the Act of 1939, June 21,
P. L. 520, 77 PS §§411, 431.   The referee awarded com-
pensation for total disability.   Exceptions thereto were
sustained by the board and on appeal to the court the
award of the referee was reinstated.   The court below
had no power to set aside the findings of fact of the
board and reinstate the referee's findings, which the
board had reversed.   See *Hudek v. United Engineering
and Foundry Company,* 152 Pa. Superior Ct. 493, 33
A. 41.   The judgment entered thereon by the court

below included compensation in excess of $7500, the limit prescribed by the amendment to Section 306 (a) of the Act of 1939, supra, 77 PS §511. This oversight was corrected by stipulation of counsel filed by consent of this court, so now there is no technical objection to the judgment if sustainable on the merits.

There is practically no dispute respecting the facts. Joseph Kattera, the claimant, on September 12, 1940, began to work as a laborer for the Burrell Construction and Supply Company engaged in repaving a portion of a public highway in Westmoreland County. On this initial day of his employment when he arrived at the job he left his lunch box and jacket along the side of the road about 800 feet beyond the point where the day's work was to start and in the direction in which it was to proceed. During the day 1928 linear feet of the road were resurfaced to a width of 16 feet and an additional 300 feet to a width of 8 feet. When work ceased for the day the claimant walked toward the place where he left his lunch box and jacket. After proceeding about 500 feet he jumped upon a running board of a passing truck on which there were other employees and after riding thereon for a further 500 feet he fell, or was thrown, to the ground sustaining a fractured skull. The truck was owned and operated by a fellow employee who had no arrangement with the employer for transportation of workers to and from the job. He was not using, therefore, transportation facilities supplied by his employer as an incident to his employment: *Malinoski v. Kessler et al.*, 126 Pa. Superior Ct. 522, 528, 191 A. 177.

Was the place where the injury occurred a part of the premises of the employer, and was the claimant in the course of his employment when he fell, are questions of law determinable by the courts: *McDermott v. Sun Indemnity Company of New York*, 131 Pa. Superior Ct. 60, 66, 198 A. 499; *Di Cicco v. Downs Carpet*

*Co., Inc.,* 137 Pa. Superior Ct. 483, 484, 9 A. 2d 183.

In *Feeney v. N. Snellenburg & Co. et al.,* 103 Pa. Superior Ct. 284, 157 A. 379, cited by the appellant, the claimant was injured on a private sidewalk which was not in the city plan and was used as an integral part of her employer's store, so that the facts are dissimilar to those before us. This court, speaking through President Judge KELLER, said p. 287: "To be considered as happening on the 'premises' of the employer the accident must have occurred on property owned, leased, or controlled by the employer and so connected with the business in which the employee is engaged, as to form a component or integral part of it." It was there further stated that an employer may own a large tract of land and have erected houses for employees with roads and walks intended for their use in going to and from their work as is often the case with coal companies. An accident to an employee on such a road or walk going to or from work and while not actually engaged in furthering his employer's business is not compensable. The board found "that at the time of his fall, the claimant had ceased work for the day, had left the premises of his employer and was enroute to his home."

There was no testimony that this highway was closed to traffic or that it was under the exclusive control of the defendant. Apparently the truck from which the claimant fell was running over the road being repaired. We agree with the following statement of the board: "It cannot be seriously contended when an employer engages in highway construction that the premises shall, therefore, take in its entire length and breadth of the route ...... The courts, in cases of this kind, have restricted the term 'premises' in work of this character to include only that portion of the highway which construction is in actual progress, so that the 'premises' of the employer in such cases are transitory

and temporary, changing as the work proceeds from day to day or hour to hour."

We are mindful that one's employment does not technically end until a reasonable opportunity is afforded to leave the premises: *Jenkins v. Glen Alden Coal Company*, 126 Pa. Superior Ct. 326, 329, 191 A. 227. It is true that the evidence in this case shows, and the board found, that the accident occurred shortly after quitting time, but sufficient time had elapsed for the claimant to proceed from the place he worked, a distance of 1000 feet, for the purpose, evidently, of picking up his lunch box and jacket, which was a matter that had nothing whatever to do with his actual work. Our conclusion is, therefore, that there was evidence to support the board's finding that the claimant was not on the employer's premises within the meaning of the term used in our statute when the accident occurred, so that many of the authorities cited by the appellee are not applicable for that reason.

Where, as here, an accident occurs off the premises the burden is on the claimant to show that he was actually engaged in the furtherance of the business or affairs of the employer and that his presence was required there by the nature of his employment: *Knowles v. Parker Wylie Carpet Co., Inc., et al.,* 129 Pa. Superior Ct. 257, 260, 195 A. 445. We find nothing in this record that convicts the board, the ultimate fact finding body, of error in concluding that the claimant, injured on his way home, failed to meet this burden of proof. See *Shoffler v. Lehigh Valley Coal Co.,* 290 Pa. 480, 484, 139 A. 192.

In *Strunk v. E. D. Huffman & Sons,* 144 Pa. Superior Ct. 429, 434, 19 A. 2d 539, relied upon by the appellee, the decedent actually was in the course of his employment when killed on a public highway. His work had not ceased for the day and his employer owned the property on both sides of the highway and he was pro-

ceeding from one part of his working premises to another in performance of his prescribed duties when he was struck by a passing automobile.

This court is convinced that the learned court below exceeded its authority in reversing the findings and conclusion of the board and entering judgment for the claimant.

Our disposition of the questions we have been discussing makes it unnecessary to pass upon the remaining questions raised in this appeal. Whether the claimant's act in jumping on the running board of a fellow employee's truck would of itself defeat his right to compensation and whether medical testimony sufficiently connected his existing disability with the accident become immaterial matters.

Judgment is reversed and here entered for defendant.