MARRA BROS., Inc., et al. v. CARDILLO, Deputy Com'r, et al.

No. 3450.

District Court, E. D. Pennsylvania.

Feb. 17, 1945.

Francis Logan, of Philadelphia, Pa., for plaintiffs.

J. Barton Rettew, U. S. Dist. Atty., of Philadelphia, Pa., for F. A. Cardillo, Deputy Com'r.

Freedman & Goldstein, by Paul M. Goldstein, all of Philadelphia, Pa., for defendants.

WELSH, District Judge.

This is an action by Marra Brothers, Inc., and Lumbermens Mutual Casualty Company against Frank A. Cardillo, Deputy Commissioner, and Margaret F. Reilly, widow, et al., under 33 U.S.C.A. § 901 et

seq., to enjoin enforcement of compensation order of the Deputy Commissioner of the United States Employees' Compensation Commission directing the payment of an award to the widow of a longshoreman who sustained fatal injuries in the course of his employment.

The matter was first before this court on May 29, 1944, at which time it was decided to remand the case to the Deputy Commissioner, Frank A. Cardillo, or his successor in office, for the purpose of reviewing the record and making a specific finding of fact on the issue of whether the injury of said William H. Reilly occurred upon the navigable waters of the United States. Accordingly, an order was entered and the matter remanded. On June 21, 1944, Charles T. Branham, Deputy Commissioner, successor to Frank A. Cardillo, entered a supplemental compensation order making the following finding of fact:

"That on February 22, 1942 the said William H. Reilly sustained injury resulting in his death while on board the steamship West Kyska which was then afloat on the Delaware River on Pier 96, South Wharves, Philadelphia, Pennsylvania; that said injury occurred upon the navigable waters of the United States."

And now the cause of action returns to this court upon a supplemental complaint.

The deceased, William H. Reilly, was engaged as a hatch foreman of No. 4 Hatch on board the S. S. West Kyska, at Pier 96, South Wharves, Philadelphia, Pennsylvania, on and before February 22, 1942, by Marra Bros., Inc. On February 22, 1942, his employment commenced at 8 A. M. and he was observed by his fellow employees from time to time carrying out the duties assigned to him. He was last seen by Morley, the ship foreman, walking in the direction of the boat and was last noticed at a point halfway between the ship foreman and the side of the boat a distance of about twenty feet. Morley placed the time when he last saw the deceased at 12:07 P.M., February 22, 1942. The gang of No. 4 Hatch of which Reilly was foreman had been "knocked off" several minutes earlier; Reilly was not present when his gang was "knocked off" but the uncontradicted evidence is that he had already been told that he was through for the day when he was last seen.

The S. S. West Kyska was bound for Trinidad and on March 12, 1942, before the vessel arrived at Trinidad, the employee's body was found on the second 'tween deck of the forepeak of the vessel; the body was lying face upwards underneath a coil of 2½ (two and one-half) inch wire hawser, weighing two thousand pounds, about ten feet away from the hatch ladder. When the ship arrived at Trinidad a post mortem examination of the body was made and it disclosed a fracture of both temporal bones of the head, a fracture of the left lower jaw, fractures of seven ribs on the right side, and a fracture of the right clavicle.

The contentions of the plaintiff are: (1) That there is no evidence to warrant the Deputy Commissioner's taking jurisdiction of this claim since there is no testimony whatever that any injury or accident occurred to the decedent while upon the navigable waters of the United States; (2) there is no evidence to warrant a finding that the decedent returned to the ship for the purpose of securing his clothing; (3) there is no evidence to warrant a finding that any injury or accident arose out of or occurred in the course of employment.

With reference to the first contention the most that can be said for the plaintiffs' position is that there is no eye witness testimony as to when, where, and how the deceased met his death. We concede this fact, but we are wholly in accord with the Deputy Commissioner's findings because we believe they were based on permissible inferences and deductions based on facts shown to have existed. The Deputy Commissioner was justified in finding that the deceased went on board the Steamship West Kyska and sustained fatal injuries upon the navigable waters of the United States. William H. Reilly was last seen walking in the direction of the boat. There are two reasonable inferences to be drawn from this fact, either he continued and went on board the ship or he changed his course and proceeded elsewhere. The logic of the inference drawn by the Deputy Commissioner was so forceful that the plaintiffs were forced to make a different stand in this respect. They admit that the deceased went on board the ship, but they ask the Court to say that the Deputy Commissioner could not find as a fact that he sustained his injuries on board the ship. Again we meet the plaintiffs with the same kind of reasoning that enabled us to find that the deceased went on board. Reilly either sustained the injuries on board or ashore, and if the latter be adopted

we would be forced to conclude that he was carried aboard ship unobserved for the circumstance surrounding the finding of his body would preclude his walking on board the ship under his own power. We think a more reasonable conclusion to be that the deceased sustained his injuries on the steamship West Kyska. In Henderson v. Pate Stevedoring Co., et al, 5 Cir., 1943, 134 F.2d 440, 441, the Circuit Court of Appeals in reversing the decision of the lower court stated:

"The cause of Hall's death was a question of fact to be decided from the evidence by the Deputy Commissioner who is designated by the Compensation Act as the sole trier of facts in such cases. If the evidence is conflicting, if it permits of conflicting inferences, the weighing of the evidence and the drawing of reasonable inferences is for the Deputy Commissioner. On review the court may not treat the matter as one of first impression and substitute its independent findings for those of the Deputy Commissioner, for Congress has provided, and the courts have held, that such findings are conclusive if there is evidence to support them."

■ With reference to the second contention, if the trier of facts, the Deputy Commissioner in this case, were warranted in inferring and concluding from the facts that the deceased was last seen walking in the direction of the boat and was subsequently found dead in the forepeak of the boat that the deceased went on board and sustained fatal injuries upon the navigable waters of the United States, he was equally justified in inferring from those facts and the inference drawn therefrom in finding that the deceased went on board the West Kyska to secure his clothes. An inference can be drawn from another inference provided the latter has its basis in determined facts.

"It was once suggested that an 'inference upon an inference' will not be permitted and this suggestion has been repeated by several courts, and sometimes actually enforced. There is no such orthodox rule; nor can be. If there were, hardly a single trial could be adequately prosecuted. In innumerable daily instances we build up inference upon inference, and yet no court (until in very modern times) ever thought of forbidding it. All departments of reasoning, all scientific work, every day's life and trials, proceed upon such data. The judicial utterances that sanction the fal-

lacious and impracticable limitation, originally put forward without authority, must be taken as valid only for the particular evidentiary facts therein ruled upon. The fallacy has been frequently repudiated in judicial opinions." Wigmore on Evidence, Volume 1, Section 41.

■ Third contention: Invoking the support of the finding of fact that the deceased went on board the West Kyska for the purpose of obtaining his clothes we feel justified in finding that the death arose out of the employment. An accident or death arises out of employment if it has a reasonable and normal connection, not necessarily with the work itself, but with the conditions of the work. Here the securing of Reilly's working clothes can be regarded as reasonably and normally connected with the work of a longshoreman. An interesting discussion of the requirement of the phrase "arising out of employment" appears in the case of Hartford Accident & Indemnity Co. v. Cardillo, 1940, 72 App.D.C. 52, 112 F.2d 11, certiorari denied 1940, 310 U.S. 649, 60 S.Ct. 1100, 84 L.Ed. 1415.

■ Finally, the plaintiff urges that Reilly's death did not occur in the course of his employment because his employment had terminated when he was last seen walking in the direction of the ship. We answer this assertion of the plaintiff by saying that "employee's employment does not technically end so as to relieve employer from liability for workmen's compensation for an injury occurring after work until a reasonable opportunity is afforded to leave premises." Kattera v. Burrell Construction & Supply Co., 152 Pa.Super. 591, 33 A. 2d 498, 499, 1943. Again the Deputy Commissioner was confronted with a choice between two reasonable inferences—he could find either that the deceased remained a reasonable time on board ship at the time he met his death or that he remained an unreasonable time. The Deputy Commissioner found the former and we agree with him.

Our attention has been directed to the presumptions created by Section 920, 33 U.S.C.A. § 20, of the Longshoremen's Act. The defendants believe that they are applicable and operate in their favor. However, we are of the opinion that the case has been adequately disposed of irrespective of the presumptions referred to by the defendants and we think that further discussion is not necessary.

Injunction denied.