## Del Rossi *v.* Pennsylvania Turnpike Commission et al., Appellants.

486

Argued June 14, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Howard M. Girsh,* with him *Steinberg & Girsh,* for appellants.

*Herbert W. Salus, Jr.,* with him *John Norris Serena,* for appellee.

OPINION BY JACOBS, J., September 15, 1967:

The sole issue in this workmen's Compensation case is whether or not decedent was in the course of his employment at the time of his accidental death. The referee decided that he was. The board decided that claimant had failed to prove that decedent was in the course of his employment. The court below reversed the board and sent the case back to the board for further consideration. The defendants have appealed.

The burden was on the claimant to prove all elements of his claim. *Ewing v. Alan Wood Steel Co.,* 138 Pa. Superior Ct. 519, 12 A. 2d 121 (1940), and where the decision of the board is against the party having the burden of proof the question before the court on appeal is to determine whether the board's findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of the competent evidence. *Rodgers v. Methodist Episcopal Hospital,* 188 Pa. Superior Ct. 16, 145 A. 2d 893 (1958).

The decedent was employed by the Pennsylvania Turnpike Commission at its maintenance depot at Plymouth Meeting. He was an electrician helper or lamp checker, and on Thursday, May 9, 1963 he was scheduled to work from 8 p.m. to midnight at the task of checking lamps on one of the turnpike interchanges. Such checking was always done by the decedent in a truck furnished by the defendant and kept at the maintenance depot. On the night in question at approximately 7:45 p.m. the decedent drove his privately owned vehicle across the medial barrier on the turnpike and was killed. He was headed *away* from the maintenance depot. This accident occurred approximately one mile east of the Plymouth Meeting maintenance building where decedent had been seen one-half hour earlier.

Section 301 of The Pennsylvania Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §411, which is the controlling statute, provides, inter alia, as follows:

"The term 'injury by an accident in the course of his employment' . . . shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment."

The decedent was not shown to be engaged in the business of his employer at the time of his death, going to or from work not being considered as furthering the affairs of the employer in the absence of special circumstances not here present. *Palko v. Taylor-McCoy*

*Coal & Coke Co.,* 289 Pa. 401, 137 A. 625 (1927);
*Ristine v. Moore,* 190 Pa. Superior Ct. 610, 155 A. 2d
456 (1959). Therefore, compensation could only be
awarded if decedent was injured on the premises of
the employer "the employe's presence thereon being re-
quired by the nature of his employment." 77 P.S. §411,
supra.

The board concluded that claimant had not proven
decedent was on the "premises" when injured. The
court below in reversing the board determined that
decedent was killed on the "premises" of the employer
if he was on the portion of the turnpike serviced by
Plymouth Meeting Maintenance Headquarters and that
his presence was required there by the nature of his
employment. In our opinion this was error under the
facts of this case.

The meaning of the word "premises" is a question
of law and has been defined as "limited to the property
of the employer used in connection with the actual
place of work where the employer carries on the busi-
ness in which the employe is engaged." *Lints v. Dela-
ware Ribbon Mfgrs.,* 173 Pa. Superior Ct. 540, 542-3, 98
A. 2d 643 (1953). "The word 'premises' in the Act
does not include all property of the employer 'but does
embrace that used in connection with the actual place
of work where the employer carries on the business in
which the employee is engaged'. . . ." *Hopwood v.
Pittsburgh,* 152 Pa. Superior Ct. 398, 403, 33 A. 2d
658 (1943). See *Vardzel v. Dravo Corp.,* 402 Pa. 19,
165 A. 2d 622 (1960); *Young v. Hamilton Watch Co.,*
158 Pa. Superior Ct. 448, 45 A. 2d 261 (1946); *Feeney
v. N. Snellenburg Co.,* 103 Pa. Superior Ct. 284, 157 A.
379 (1931). As we said in *Young v. Hamilton Watch
Co.,* supra, at page 450: "We have frequently said that
there is a distinction between 'premises' of the employ-
er and 'property' of the employer, and that they are
not always synonymous. The term 'premises' has a

narrower meaning than the term 'property', when used in compensation cases."

We can find no appellate cases setting forth a definition of "premises" as specifically applied to an employee of the turnpike, or, for that matter, to an employee of the highways department. Clearly the entire turnpike was not the "premises" as to this employee and we agree with Judge McDermott's statement to that effect. The court below did decide that "premises" would include that portion of the turnpike serviced by Plymouth Meeting Maintenance Headquarters. But we need not pass on the merits of that rule because there was no evidence sufficient to bring this case within such a rule or any other rule short of including the entire turnpike system in the premises. All that was shown was that decedent worked out of Plymouth Meeting Maintenance Headquarters. No evidence was in the case which would justify a finding as to the area serviced by those headquarters. Similarly the lower court's further conclusion that decedent's presence in the undefined area was required by the nature of his employment, apparently on the ground that the turnpike was the only means of access to the Maintenance Headquarters, was completely without evidentiary support.[1] Neither we nor the court below, nor the board, can supply evidence nor create inferences from nonexistent facts to achieve a humanitarian result.

Thus the findings of fact were entirely consistent with the conclusion of the board that claimant had failed to prove that decedent was killed in the course of his employment. There was no evidence to support

---

[1] Since the turnpike is a public highway it is important to determine whether the employee's presence was required there by reason of his employment or as a member of the traveling public. See *Eberle v. Union Dental Co.*, 390 Pa. 112, 134 A. 2d 559 (1957).

a contrary conclusion and the board must be sustained.[2]

Appellee has moved to quash the appeal as interlocutory because Judge McDermott remanded the case to the board for further consideration. However, when the court below reversed the board's conclusion of law that claimant had not sustained an accidental death in the course of his employment its practical effect was to direct an award in favor of claimant. The decision was solely on a matter of law and since there was no direction that additional testimony be taken there was nothing the board could do except make an award. Such an order is appealable. *Leftwrich v. Colonial Aluminum Smelting Corp.*, 184 Pa. Superior Ct. 622, 136 A. 2d 182 (1957); *Parisi v. Freedom Oil Co.*, 150 Pa. Superior Ct. 260, 27 A. 2d 255 (1942); *Strickland v. Baugh & Sons Co.*, 139 Pa. Superior Ct. 273, 11 A. 2d 547 (1940).

Appellee's motion to quash the appeal is dismissed, the order of the court below is reversed and the order of the Workmen's Compensation Board is reinstated.

---

DISSENTING OPINION BY HOFFMAN, J.:
I respectfully dissent.

---

[2] While it is true that whether decedent was in the course of his employment at the time of his fatal injury is a question of law, it must be determined on the basis of the facts. *Newman v. Congregation of Mercy and Truth*, 196 Pa. Superior Ct. 350, 175 A. 2d 160 (1961). Similarly, the question of law to be decided in determining if an employee was injured on the "premises" is whether the facts as disclosed by the evidence establish that the place was a part of the premises. *Giallonardo v. St. Joseph's College*, 177 Pa. Superior Ct. 87, 111 A. 2d 178 (1955). The only facts before the board and the court were those stated at the beginning of this opinion and it was on the basis of those facts that it had to be determined whether or not this decedent was killed on his employer's premises.

The Majority concludes that the fatal injury here involved was not compensable because the claimant failed to establish that the decedent was killed on the "premises" of his employer, as that term is used in §301 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §411. I disagree.

It is the fundamental duty of the court to decide questions of law in workmen's compensation cases. Whether an employee's injury occurred on the premises of his employer is a legal, and not a factual deter-. mination. See *Giallonardo v. St. Joseph's College,* 177 Pa. Superior Ct. 87, 111 A. 2d 178 (1955). "To be considered as happening on the 'premises' of the employer, the accident must have occurred on property so connected with the business in which the employer is engaged as to form a component integral part of it." *Feeney v. N. Snellenburg & Co.,* 103 Pa. Superior Ct. 284, 157 A. 379 (1931). In applying this principle specifically to public highway and turnpike cases, we have held that the premises include that portion of the road upon which the employee himself worked. See *Kattera v. Burrell Construction & Supply Co.,* 152 Pa. Superior Ct. 591, 33 A. 2d 498 (1943).

That holding was followed in *Babine v. Lane Construction Corp.,* 153 Me. 339, 138 A. 2d 625 (1958), a case very similar to the present one. In *Babine,* the decedent was killed on the Maine Turnpike, approximately 16 miles from his work station and 20 minutes before he was to report for work. The Supreme Court of Maine held the injury compensable, relying on *Kattera v. Burrell Construction & Supply Co.,* supra, for the proposition that the premises of the employer include that portion of the turnpike where the decedent has been working. The Court said: "It is true that the decedent had many miles left to travel before he would arrive where his roller was parked, but that is to say no more than that the 'premises' here was ex-

tensive." The case before us now presents an even stronger argument for compensation, because the accident occurred within one mile of decedent's station and 15 minutes before he was to report for work. See also *Hesselman v. Somerset Community Hospital*, 203 Pa. Superior Ct. 313, 201 A. 2d 302 (1964); *Shaffer v. Somerset Community Hospital*, 205 Pa. Superior Ct. 419, 211 A. 2d 49 (1965).

In the instant case, the Board stated that: "[I]t is clear that at the time of the accident the decedent was not upon the premises of his employer. . . . A reasonable and logical interpretation of these circumstances requires us to find that the premises of the defendant was the Plymouth Meeting maintenance headquarters and not any location on the Turnpike." The majority, in reinstating the Board's order denying compensation, stated that: "We can find no appellate cases setting forth a definition of 'premises' as specifically applied to an employee of the turnpike. . . . Clearly the entire turnpike was not the 'premises' as to this employe. . . . All that was shown was that the decedent worked out of the Plymouth Meeting Maintenance Headquarters. . . . No evidence was in the case which would justify a finding as to the area serviced by those headquarters. . . ."

In light of the *Kattera* case and the record before us, the Board's findings reflect a parochial definition of the term "premises" in situations involving transitory or mobile employment. Such an unrealistic and restrictive approach fails to recognize that present day communications and transportation have transformed that term into a flexible concept which may comprise an area of many miles. In my view the lower court was quite correct in its statement that: " . . . [I]f the portion of the turnpike upon which Hugh J. Del Rossi met his death is the same portion serviced by the Plymouth Meeting Maintenance Headquarters, then the

area is embraced in the premises term of the Compensation Act, . . ."

The record before us suggests that decedent's injury was compensable within the meaning of the Act. For example, he was killed within one mile of the station where he was to report to work. Moreover, the accident occurred within 15 minutes of the time he was to report to work. Finally, the testimony indicates that he worked along a limited area of the turnpike which very likely encompassed the spot where the accident occurred.[1] On this record, minimal fairness requires that the Board make further findings of fact in order to determine whether the accident occurred within the decedent's work area. More specifically, the Board must determine, inter alia, (1) the area of the turnpike normally serviced from this station and (2) the specific area of the turnpike upon which the decedent worked. Only after such facts are established can the court on appeal make a reasonable and reasoned determination of the difficult legal issue confronting it in this case.

To obtain these facts, the lower court remanded the record to the Board for "further consideration." The Workmen's Compensation Act empowers the court, in

---

[1] The decedent's supervisor testified:

"Q. What was his occupation, what did he do?

"A. He was an electrician's helper.

"Q. And what did that entail?

"A. On a lamp check which he was working each week four hours, he would check the lights at the interchange, that was his job.

. . .

"Q. How do your employees record their time, how would he have recorded his time?

"A. On a daily—in other words mileage wise. In other words there are two men worked in that truck. That truck comes in, they check the mileage, and he has a thirty-five to forty mile run, and when he stopped and when he started, that's how we figure, we know he's out working."

its discretion, to order the taking of additional testimony and an amplification of the Board's findings.[2] If the court finds that the facts are sufficient to enable it to review a determination of law, it may reverse such finding without sending the record back to the Board for further testimony. In the instant case, it is clear to me, as it must have been to the lower court, that substantial justice requires that the Board take additional evidence. Since nothing in the trial court's opinion constitutes a direction to the Board to find facts in accordance with its opinion, the court did not exceed its discretionary authority.[3]

I would affirm the order of the court below.

WATKINS, J., joins in this dissenting opinion.

---

[2] See §427 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §877, which provides that: "Any court before whom an appeal is pending from any action of the board may remit the record to the board for more specific findings of fact, if the findings of the board or referee are not, in its opinion, sufficient to enable it to decide the question of law raised by the appeal."

[3] Our Court has often stated that an order of the Court of Common Pleas remitting a record to the Compensation Board is interlocutory and not appealable. See *Barber v. Fleming-Raugh, Inc.*, 208 Pa. Superior Ct. 230, 222 A. 2d 423 (1966). Only where the lower court has remanded the case to the Board with instructions to find facts in accordance with the opinion of the court have we found that an appeal may be taken therefrom. See *Messikomer v. Baldwin Locomotive Works*, 178 Pa. Superior Ct. 537, 115 A. 2d 853 (1955).