Opinion by
Watkins, J.,
These are cross appeals in a workmen’s compensation case by Henry Robinson, the claimant-appellant, from the order of the Court of Common Pleas No. 4 of Philadelphia County that affirmed the decision of the Workmen’s Compensation Board denying compensation benefits to him; and an appeal by the defendants, the *37 Y.W.C.A. and Pennsylvania Manufacturers’ Assn. Insurance Company from the decision of the court below denying their motion to quash the appeal of the claimant from the Workmen’s Compensation Board.
The claimant filed a petition seeking compensation for an accident that occurred on the sidewalk fronting the defendant’s property while on his way to report for work. The fall caused a fracture of his right femur. The defense raised was that the injury did not occur in the course of his employment. The referee awarded benefits; the board reversed and found as a fact that the accident “did not occur on the premises owned or under the control of the defendant”.
The claimant appealed to the Court of Common Pleas and filed the required exceptions within the statutory period. Judge Sloane of the court below remanded the case to the workmen’s compensation authorities, holding:
“The record does not support substituted Finding of Fact No. 7 made by the Workmen’s Compensation Board.
“The record is bare of any showing whether Y.W.C.A. owned, leased or controlled that portion of the paved area abutting the Y.W.C.A. Building on which claimant fell.
“This case is remanded to the Board to take further testimony and make appropriate Findings of Fact and Conclusions of Law on whether or not claimant was on the premises owned, leased or controlled by Y.W.C.A.”.
The board referred the case to the referee in accordance with the order of the court with the following direction:
“The referee will therefore give both counsel the opportunity to present evidence as ordered by the Court and, upon completion thereof certify the record back to the Board for substituted findings and conclusions.
*38 “All findings of fact and conclusions of law are set aside.”
After having the benefit of the additional testimony the Board reaffirmed the findings of fact and conclusions of law as set forth in their original order and denied compensation. The Board found as a fact that the accident did not occur on the premises owned or under the control of the defendant and concluded that he was not in the course of his employment at the time of the accident.
The claimant appealed from the decision of the Board to the Court of Common Pleas to a new number and term; and the defendants filed a motion to quash the appeal on the ground that the claimant had failed to file exceptions as required by the Workmen’s Compensation Law. Counsel for the claimant and counsel for the defendant stipulated that the only question involved in the defendants’ appeal was whether the lower court’s failure to quash was error. The court below denied the motion to quash and affirmed the Board in denying benefits. The defendants appealed from the decision of the court below refusing to quash the appeal; the claimant appealed from the denial of benefits.
It is apparent that if the court below erred in not dismissing the appeal it did not acquire jurisdiction, and then any discussion of the merits is without purpose.
Section 427 of the Workmen’s Compensation Act of June 2, 1915, P. L. 736, as amended, Act of May 27, 1943, P. L. 691, §1, 77 PS §874, provides, inter alia: “The party taking the appeal shall, at the time of taking the appeal, serve upon the adverse party a written notice thereof, . . . and shall file, either with his notice of appeal, or within thirty days thereafter, such exceptions to the action of the board as he may desire to take, . . .”. This Court has held that excep *39 tions must be filed within the required time limit before the Court of Common Pleas may acquire jurisdiction. Miles v. Master, 374 Pa. 127, 97 A. 2d 36 (1953); Thomas v. J. J. Skelly, Inc., 204 Pa. Superior Ct. 166, 203 A. 2d 339 (1964).
The Act of June 2, 1915, P. L. 736, Art. IV, §427, as amended, Act of May 27, 1943, P. L. 691, §1, 77 PS §§877, 879, reads as follows:
“§877. Remission of record to board for amplification
“Any court before whom an appeal is pending from any action of the board may remit the record to the board for more specific findings of fact, if the findings of the board or referee are not, in its opinion, sufficient to enable it to decide the question of law raised by the appeal.”
“§879. Reversal of findings of board; remission of record to board for further hearing
“If such court shall sustain the appellant’s exceptions to a finding or findings of fact and reverse the action of the board founded thereon, the court shall remit the record to the board for further hearing and determination, in which the procedure shall be the same as that hereinbefore provided in this article in the case of a petition presented to the board, except that the testimony taken in the original proceedings shall be considered as though taken in such further hearing.”
This Court in Diaz v. Jones and Laughlin Steel Corp., 170 Pa. Superior Ct. 608, 616, 88 A. 2d 801 (1952), explained the distinction between these two sections of the Act as follows: “The distinction between the two provisions of the statute is clearly pointed out in Driscoll v. McAlister Brothers, Inc., 294 Pa. 169, 144 A. 89. Had the record been remitted in accordance with the second provision of §427, it would have gone ‘back to the board for further hearing and deter *40 mination. as though on an original petition, Lettrich v. Allegheny Steel Co., 149 Pa. Superior Ct. 660, 664, 27 A. 2d 257, as contended by appellant. But, as we have pointed out, it went back under the first provision of §427 for more specific findings of fact in order to enable the Court of Common Pleas to decide the question of law raised by the appeal. The board, therefore, was entirely right in deciding ‘that the referee was in error in concluding, as a matter of law, that claimant was not entitled to compensation, and in entering an order of dismissal, for the reason that the sole duty of the referee was to make findings of fact pursuant to the order of the Court of Common Pleas 9 99
A close examination of the remand order by Judge Sloane clearly called for a new hearing and redetermination of the case. He directed “the Board to take further testimony and make appropriate Findings of Fact and Conclusions of Law”. The direction to make conclusions of law is a direction to the Board to redetermine the result in the case, if supported by new evidence. It constituted a reversal of finding of fact No. 7 as made by the Workmen’s Compensation Board. In Groner v. Board of Public Education of Pittsburgh, 152 Pa. Superior Ct. 381, 33 A. 2d 271 (1943), the court below entered the following order of remand: “And now, this 15th day of November, 1939, the record in this case is returned to the Workmen’s Compensation Board for findings of fact on the disputed questions involved in the second hearing and for a final adjudication in accordance with all findings in the case.” This Court held that under this order a new appeal was necessary from any action of the Board if the matter was to be again reviewed by the Common Pleas Court.
Under the order of the Common Pleas court in the instant case the entire case went back to the Board as *41 though on original petition. The court held that the record did not support finding of fact No. 7 made by the Workmen’s Compensation Board. This was a reversal of a finding and a direction to hold a new hearing and make a final adjudication in accordance with all the findings of fact and conclusions of law then made in the case. It was, therefore, an order of remand based on the second provision of §427 of the Workmen’s Compensation Act, 77 PS §879. A new appeal was required and in fact a new appeal to a different term and number was filed. The failure to file exceptions within the period required after the taking of the new appeal is a fatal defect so that the court below did not acquire jurisdiction.
The appeal of claimant is quashed and the order of the Workmen’s Compensation Board is reinstated.