Robinson, Appellant, *v.* Y.W.C.A.

212

Argued November 13, 1968. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Edward I. Weisberg,* with him *Alan K. Silberstein* and *David N. Feldman,* for appellant.

*Frederick W. Anton, III,* for appellee.

OPINION BY MR. JUSTICE JONES, January 15, 1969:

This appeal presents a very narrow issue: the validity of an order of the Superior Court quashing an appeal by a claimant in a workmen's compensation case.

This is a workmen's compensation case in which Henry Robinson (claimant), an employee of the Y.W.C.A. (employer), located on Allegheny Avenue, Philadelphia, alleged that, while on his way to report to work, he fell on an icy sidewalk in front of the Y.W.C.A. and was injured. The employer filed an answer to Robinson's petition denying that Robinson was in the course of his employment at the time he was injured. After a hearing before the referee, the referee entered an award for claimant finding that claimant had fallen on the "premises" of his employer. The Workmen's Compensation Board (the Board) reversed the referee and found that the accident "did not occur on the premises owned or under the control of the [Y.W.C.A.]."

Claimant then appealed to the Court of Common Pleas No. 5 of Philadelphia County and filed the required exceptions to the Board's order within the statutory period. Judge JOSEPH SLOANE of that Court remanded the matter to the Workmen's Compensation

authorities, holding: "The record does not support substituted Finding of Fact No. 7 made by the Workmen's Compensation Board. The record is bare of any showing whether Y.W.C.A. owned, leased or controlled that portion of the paved area abutting the Y.W.C.A. Building on which claimant fell. This case is remanded to the Board to take further testimony and make appropriate Findings of Fact and Conclusions of Law on whether or not claimant was on the premises owned, leased or controlled by Y.W.C.A." The employer then took an appeal to the Superior Court from Judge SLOANE'S remand order but this appeal was quashed.[1] At the time of this appeal Judge SLOANE wrote an additional opinion (under Rule 46 of the Superior Court) in which, elaborating on his order to remand, he stated, inter alia: "We did not affirm an award; we did not deny an award; we did not modify an award; we made no definitive order; we did not conclude the litigation."

Pursuant to Judge SLOANE'S order, the Board set aside its Finding of Fact No. 7 and remanded the case to the referee to take further testimony. After further hearing, the referee again made an award to claimant finding that the accident occurred on the premises of the employer. The Board again reversed the referee, finding that the accident did not occur on the employer's premises.

Claimant appealed from the Board's order to the Court of Common Pleas of Philadelphia County but, inadvertently, the case was docketed under a different term and case number from that under which claimant's first appeal had been docketed. Claimant did not file exceptions to the Board's findings until almost five months subsequent to the date of the second ap-

---

[1] The appeal was quashed because it was from an interlocutory nonappealable order.

peal.[2] In the Court of Common Pleas the employer moved to quash claimant's appeal because he had not filed *timely* exceptions to the Board's order. The Court of Common Pleas, although affirming the Board's order as to the merits and denying benefits to claimant, refused to quash the appeal.

Both claimant and the employer appealed to the Superior Court, the former from the court's order denying compensation and the latter from the court's order refusing to quash.

The principal question before the Superior Court was whether claimant's appeal was quashable, i.e., whether claimant was required to file a *new* appeal from the Board's second order or whether the Board's second order automatically came up for review as a "pending" action. More specifically, the question is whether the claimant on appeal to the Court of Common Pleas should have proceeded under the first or second subsection of §427 of the Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, §427, as amended, 77 P.S. §874.

Section 427 provides as follows: "Any court before whom an appeal is pending from any action of the board may remit the record to the board for more specific findings of fact, if the findings of the board or referee are not, in its opinion, sufficient to enable it to decide the question of law raised by the appeal.

"If such court shall sustain the appellant's exceptions to a finding or findings of fact and reverse the action of the board founded thereon, the court shall remit the record to the board for further hearing and

---

[2] If a *new* appeal was required, then exceptions to the Board's action should have been filed within thirty days of notice of the appeal before jurisdiction in the Common Pleas Court would attach. Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, §427, as amended, 77 P.S. §874. See: *Miles v. Masters*, 374 Pa. 127, 97 A. 2d 36 (1953).

determination, in which the procedure shall be the same as that hereinbefore provided in this article in the case of a petition presented to the board, except that the testimony taken in the original proceedings shall be considered as though taken in such further hearing." (77 P.S. §§877, 879)

In *Driscoll v. McAlister Bros., Inc.*, 294 Pa. 169, 171, 172, 173, 144 A. 89 (1928), our Court distinguished the two portions of §427, stating, inter alia: "The Workmen's Compensation Act of June 26, 1919, P. L. 642, 665, section 427, makes provision for the return of a record by the court of common pleas to the compensation board in two instances. It first states that, 'Any court before whom an appeal is pending from any action of the board may remit the record to the board for more specific findings of fact, if the findings of the board or referee are not, in its opinion, sufficient to enable it to decide the question of law raised by the appeal.' This provision is not intended to cover instances where the common pleas reverses an award because the findings are not sustained by competent evidence; such cases fall within another provision of the act, which we shall discuss later.

"The above quoted provision plainly contemplates cases like the present, where the findings are not sufficiently specific for a reviewing tribunal to act intelligently on the complaints before it, and where the court, without disturbing the award, returns the record to have this defect remedied. In such instances, even after the record is returned to the board, the appeal is still 'pending' in the common pleas; and when the more specific findings are made by the compensation authorities (which should be done with expedition), the record must be sent back to that court.

. . .

"As stated, the provision for the return of a record to the board, for the purpose of obtaining more spe-

cific findings of fact, contemplates that the appeal shall continue to pend in the court of common pleas while these findings are being made, for the provision in question particularly states that, 'Any court before whom an appeal is pending . . . may remit the record'; and 'pending' means 'undecided, awaiting decision' (Century Dictionary), 'to be in process of settlement or adjustment': Anderson's and Black's Law Dictionaries.

"The second provision contained in the act for returning the record to the board comprehends instances where the court reaches a final decision on the record as first made by the compensation authorities; it provides that 'If the court of common pleas . . . sustain the appellant's exceptions to a finding or findings of fact and reverse the action of the board founded thereon, the court shall remit the record to the board for further hearing and determination.' This is intended to cover cases where the court is convinced that the findings of fact are not sustained by legally competent evidence, and, therefore, such findings must fall as a matter of law; which, of course, requires a reversal of the award. The law, however, in such cases, affords a second opportunity for furnishing legally competent proofs." See also: *Diaz v. Jones and Laughlin Steel Corp.*, 170 Pa. Superior Ct. 608, 616, 88 A. 2d 801 (1952).

The majority of the Superior Court found that Judge SLOANE's remand order to the Board was made under the second section of §427, and, therefore, the claimant was required to take a new appeal which required filing exceptions within thirty days of notice of the new appeal and, since such exceptions were untimely filed, the appeal must be quashed. Judges HOFFMAN and SPAULDING held that the matter was controlled by the first subsection of §427 and that, since

the lower court had remanded the record to the Board
for more specific findings of fact, claimant did not
have to file a *new* appeal and exceptions to the Board's
order in order to perfect an appeal.[3]

We are of the opinion that the first subsection of
§427 controls and that the Superior Court erroneously
quashed the appeal. A careful examination of the ac-
tion taken by Judge SLOANE clearly indicates that he
remanded the matter to the Board for amplification of
the record. In his memorandum opinion at the time
his order was made and in his opinion filed under Rule
46 of the Rules of the Superior Court, Judge SLOANE
carefully noted that further testimony and evidence
was required before the Court could properly consider
the legal question of whether claimant was "on the
premises" of the employer at the time he fell, and
Judge SLOANE stated that the case was remanded to
the Board for "additional testimony" and "further evi-
dence."

Moreover, the second subsection of §427 requires
as a prerequisite to its application that the Court "re-
verse the action of the Board founded [on the Board's
Findings of Fact] to which exception has been taken."
Judge SLOANE, in his order, clearly did not reverse the
order of the Board and, therefore, the second subsec-
tion of §427 was inoperative.

We are of the opinion that, under Judge SLOANE's
remand order, the record was remitted for certain spe-
cific findings of fact, that the Board's power and com-
petency to act were limited to finding such specific
facts, and that the record was to be returned to the
court where the appeal was still "pending" rather than
for a redetermination of the entire matter by taking
a *new* appeal.

---

[3] See: *Robinson v. Y.W.C.A.*, 212 Pa. Superior Ct. 35, 239 A. 2d
835 (1968).

Order of the Superior Court quashing the appeal reversed and the matter remanded to the Superior Court for determination of the merits of the appeal.