Robinson, Appellant, *v.* Y.W.C.A. et al., Appellants.

Argued March 19, 1969.  Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Edward I. Weisberg,* with him *Alan K. Silberstein* and *David N. Feldman,* for claimant.

*Frederick W. Anton, III,* with him *Paul H. Ferguson,* for defendants.

OPINION BY MONTGOMERY, J., September 11, 1969:

When this Workmen's Compensation case was first before us, we quashed the appeal of the claimant and sustained the order of the Workmen's Compensation Board denying compensation in an opinion by Judge WATKINS, from which action Judges HOFFMAN and

SPAULDING dissented in a dissenting opinion written by Judge HOFFMAN. *Robinson v. Y.W.C.A.*, 212 Pa. Superior Ct. 35, 239 A. 2d 835 (1968).[1] Subsequently the Supreme Court granted allocatur; and after argument it reversed our order quashing claimant's appeal and remanded the matter to us for a determination on the merits. *Robinson v. Y.W.C.A.*, 433 Pa. 211, 249 A. 2d 339 (1969).

The matter is now before us for a determination of claimant's appeal on the merits. The appeal of the defendants from the order of the lower court refusing to quash claimant's appeal to it, which we did not specifically dispose of when the case was first before us, has in our opinion been disposed of by the action of the Supreme Court in remanding the case to us for disposition of claimant's appeal on the merits.

The history and facts of this case need not be repeated in this opinion since they are fully set forth in the two opinions previously mentioned. The basic issue now before us is whether the Board's seventh finding of fact, i.e., "We find as a fact that the accident did not occur on the premises owned or under the control of the defendant," can be sustained without a capricious disregard of the competent evidence. *Del Rossi v. Pennsylvania Turnpike Commission*, 210 Pa. Superior Ct. 485, 233 A. 2d 597 (1967). The lower court, speaking through Judge REED, found that it was sustained by the record. We disagree.

Although we must view the evidence in the light most favorable to the employer since the Board found against the claimant, *Lind v. Argo Lamp Company*, 198 Pa. Superior Ct. 247, 181 A. 2d 726 (1962), there is little, if any, conflict in the evidence. Claimant fell

---

[1] This action was the equivalent of sustaining the appeal of the defendants from the order of the lower court refusing to quash claimant's appeal to it which was based on lack of jurisdiction.

in the paved area, 20 feet wide, which lies between the paved public sidewalk on Allegheny Avenue and the employer's building wherein it conducts the business of a lodging house for female guests. The area was within the employer's property which was described in its deed (offered in evidence) as, ". . . situate on the south side of Allegheny Avenue laid out as of the width of one hundred twenty feet and the west side of Hancock Street laid out as of the width of fifty feet. . . ." Claimant had been walking east on the public sidewalk on the south side of Allegheny Avenue (included within the limits of the dedicated street) until he reached his employer's property when he left the public sidewalk and entered onto the property of his employer, intending to use the game room entrance from which there were steps leading out into this area. It was near this point that he fell.

Although there was no noticeable line separating the dedicated area from the property of the employer, both areas being paved in identical fashion, there existed such a division along the adjoining property in the form of a fence. However, this does not alter the situation. The rights of the public in the sidewalk were created by the dedication. The public had no rights in the other area except a license to use the same by the implied permission of the owner. The fact that the owner had paved its area did not give to the public more than a license to use it. On the other hand, it may reasonably be implied that such area was paved only for the convenience of its guests in approaching its building and using its entrance. The Board erroneously failed to distinguish between the two areas in arriving at its seventh finding, that this claimant was not injured on the premises of his employer.

The meaning of the word premises and whether the evidence brings the claim within the statutory defini-

tion are questions of law. *Del Rossi v. Pennsylvania Turnpike Commission,* supra; *Giallonardo v. St. Joseph's College,* 177 Pa. Superior Ct. 87, 111 A. 2d 178 (1955). As used in the Workmen's Compensation Act, premises means the property owned, leased, or controlled by the employer and so connected with the business in which the employe is engaged as to form a component or integral part of it. *Werner v. Allegheny County,* 153 Pa. Superior Ct. 10, 33 A. 2d 451 (1943). It includes only so much of the master's property as is necessary for the conduct of the business. *Black v. Herman,* 297 Pa. 230, 146 A. 550 (1929). It may embrace a public road used and maintained by the employer for the operation of its business and affairs. *Meucci v. Gallatin Coal Co.,* 279 Pa. 184, 123 A. 766 (1924), or a private road leading to its workings, used by it for business purposes, and provided for the use of its workmen in going to and from their work. *Tolan v. Philadelphia & Reading Coal & Iron Co.,* 270 Pa. 12, 113 A. 67 (1921).

However, in *Giallonardo v. St. Joseph's College,* supra, we limited the definition of premises to exclude a sidewalk in front of the employer's property. In that case the claimant was injured on the sidewalk in front of his employer's property and was denied recovery. It is our opinion that the word sidewalk in that case meant that part of the *dedicated street* of a municipality which had been set apart and used for pedestrians as distinguished from that portion set apart and used for animals and vehicles. See *McCormick v. Allegheny County,* 263 Pa. 146, 106 A. 203 (1919).

From this record, we conclude that the area where claimant fell can be differentiated clearly from the public sidewalk within the dedicated street and that the employer's rights over same were such as in the exercise of its ownership the general public legally might be excluded. The fact that the public was not

excluded will not defeat claimant's right of recovery. That principle of law was enunciated in *Hesselman v. Somerset Community Hospital,* 203 Pa. Superior Ct. 313, 201 A. 2d 302 (1964), wherein President Judge WRIGHT, speaking for the Court, stated, at page 318, "In the case at bar, for all practical purposes, the alley was hospital property. It was *cared for and maintained by the hospital,* and claimant was required to use it as a means of access to the laundry building. The fact that, at the time of the accident, *the public may also have had the right to use the alley,* does not prevent claimant from successfully asserting that it was part of the employer's premises within the purview of the statute." (Emphasis supplied) We hold that the facts of this present case bring it within our *Hesselman* decision.

We therefore find that the claimant was injured on the premises of his employer and is entitled to recover.

The judgment is reversed and the record is remitted to the Board with instructions to enter a proper award in favor of the claimant.

WATKINS, J., dissents.