**Viola M. LUDWIG and Richard L. Ludwig**

**v.**

**RADIO CORPORATION OF AMERICA.**

**Civ. A. No. 68–637.**

United States District Court,
E. D. Pennsylvania.

Jan. 10, 1972.

Richard L. Goerwitz, Jr., Swartz, Campbell & Detweiler, Philadelphia, Pa., for defendant.

Frank E. Roda, Newcomer, Roda & Morgan, Lancaster, Pa., for plaintiffs.

## OPINION AND ORDER

HANNUM, District Judge.

Plaintiffs, Viola M. Ludwig and Richard L. Ludwig, brought this action to recover damages for injuries sustained by wife-plaintiff (hereinafter referred to as "plaintiff"). Plaintiffs allege in their complaint that the plaintiff, while enroute to her place of employment at the defendant's Lancaster plant, slipped and fell on ice and snow covered sidewalks located directly in front of the plant, thereby sustaining severe injury. The Complaint alleges that the accident was caused solely by reason of the negligence of the defendant by failing to clean and to properly maintain the sidewalks in front of its place of business.

Defendant, a Delaware Corporation, denies any negligence and renews its motion for summary judgment on the grounds (1) that plaintiff is entitled to Workmen's Compensation benefits, and this is her exclusive remedy as a matter of law, and (2) that plaintiff agreed to and, consistent with said agreement, has received Workmen's Compensation benefits, and thus is estopped to deny that she is covered by the Act.

The Pennsylvania Supreme Court has stated in the case of Socha v. Metz, 385 Pa. 632, 123 A.2d 837 (1956).

"By virtue of the Compensation Act, an employee's common law right to damages for injuries suffered in the course of his employment as a result of his employer's negligence is completely surrendered in exchange for the exclusive statutory right of the employee to compensation for all such injuries . . . ."

The threshold issue in this case is whether or not plaintiff's injury is compensable under the Act. The pertinent statutory provision, 77 Pa.Stat. Ann. § 411, provides coverage for injuries "in the course of . . . employment". This phrase is defined to include,

[1] "injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and [2] injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment."

The determination of whether or not an employee is in the course of his employment is a matter of law. Robinson v. Y.W.C.A., 215 Pa.Super. 19, 257 A.2d 690 (1969). However, it is a question of law to be decided on the basis of the facts and circumstances of each individual case.

Summary Judgment is appropriate if, upon examination of the pleadings, depositions, answers to interrogatories, and admissions on file, together with supporting affidavits it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See, Lockhart v. Hoenstine, 411 F.2d 455 (3d Cir. 1969), cert. denied 396 U.S. 941, 90 S.Ct. 378, 24 L.Ed.2d 244

**666**

(1969). Upon examination of the aforementioned documents in this case the following are material facts not in dispute:

1. The plaintiff was employed by the defendant on December 28, 1966 at the time of the accident.

2. On December 28, 1966, plaintiff, while enroute to her place of employment at the defendant's Lancaster plant, slipped and fell on a snow covered sidewalk used for pedestrian traffic located directly in front of the plant.

3. Plaintiff's fall occurred while walking from an employee's parking lot to the building where she worked.

4. The spot where plaintiff fell was located on the sidewalk adjacent to building No. 15.

5. Building No. 15 and the parking lot are separated by a grass area, sidewalk, and street.

6. Building No. 15 is located on the east side of defendant's plant.

7. The parking area utilized by plaintiff is east of Building No. 15.

8. The place where the plaintiff fell was on property owned, controlled and maintained by the defendant.

9. The plaintiff was walking toward the south entrance to defendant's plant when she fell.

10. There are two entrances on the east side of the plant, protected by a guard house.

11. The entire parking area and all internal roads, paths, and approaches to the plant entrances from the parking area are owned, maintained and controlled by the defendant.

12. The north parking area is bounded on the west by defendant's manufacturing plant, on the south by a waste disposal area, and to the north and east by public roads.

Upon the present state of the record, summary judgment is appropriate.

■■ The sole issue to be decided is whether the plaintiff was injured on the "premises" of her employer within the meaning of the compensation statute. The courts of Pennsylvania have distinguished between *property* owned by the employer and *premises* of the employer. Del Rossi v. Pennsylvania Turnpike Commission, 210 Pa.Super. 485, 233 A. 2d 597 (1967). Property that is owned, leased or controlled by the employer, in order to constitute "premises" must be "so connected with the business in which the employee is engaged as to form a component or integral part of it." Robinson v. Y.W.C.A., supra. Here the parking facilities are owned, maintained and controlled by the defendant. The internal roads and pathways between its parking facilities and the plant entrances are owned, maintained and controlled by the defendant. The parking facilities are immediately adjacent to the defendant's working plant and a waste disposal area. Plaintiff regularly used these facilities, as did other employees of the defendant. Viewing the defendant's plant and facilities as a whole, the Court finds that the parking areas, driveways, and paths leading to and from it form a component and integral part of the employer's business. The plaintiff, having fallen upon the "premises" of her employer, is entitled to Workmen's Compensation benefits and this is her exclusive remedy as a matter of law. See, Robinson v. Y.W.C. A., supra; Shaffer v. Somerset Community Hospital, 205 Pa.Super. 419, 211 A. 2d 49 (1965); Pineda v. Oliver B. Cannon & Son, 172 Pa.Super. 625, 93 A.2d 902 (1953). Having found plaintiff within the coverage of the compensation act, we need not discuss whether plaintiff would be estopped to deny that she is covered.